**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| **Mike Fisher,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **2:20-CV-64** |
| | § | |
| | § | |
| **City of Amarillo, Ginger Nelson, for herself and** | § | |
| **as mayor of City of Amarillo, Elaine Hays, Eddy Sauer** | § | |
| **Freda Powell, Howard Smith, Amarillo National Bank,** | § | |
| **William Ware, II, Plaza Amarillo, LLC, Step** | § | |
| **Values, LLC dba Dunkin Donuts, Dunkin Brands, Inc.,** | § | |
| **Fresh Burger, LLC dba BurgerFi, Burger Fi Int'l, LLC** | § | |
| **Edit Clean, LLC dba Tide Dry Cleaners, The Proctor &** | § | |
| **Gamble Co., Five S Buildings, LLC, 45th and Soncy,** | § | |
| **LLC** | § | |
| **Defendants.** | § | |

**DEFENDANTS, CITY OF AMARILLO, GINGER NELSON, ELAINE HAYS, EDDY
SAUER, FREDA POWELL, HOWARD SMITH, BRIEF-IN-SUPPORT OF MOTION TO
DISMISS PLAINTIFF'S ORIGINAL COMPLAINT FOR FAILURE TO STATE A
CLAIM UPON WHICH RELIEF CAN BE GRANTED PER FEDERAL RULE OF CIVIL
PROCEDURE 12(B)(6) AND PLEA TO THE JURISDICTION**

Respectfully submitted,
CITY OF AMARILLO
CITY ATTORNEY'S OFFICE
Post Office Box 1971
Amarillo, Texas 79105-1971
Telephone (806) 378-6067
Facsimile (806) 378-5262
bryan.mcwilliams@amarillo.gov
leslie.schmidt@amarillo.gov
marcus.norris@amarillo.gov

By:___/s Bryan McWilliams_____
      Bryan McWilliams
      City Attorney
      State Bar No. 24049776
      Leslie Spear Schmidt
      Sr. Assist. City Attorney
      State Bar No. 21202700

i

Marcus W. Norris
Deputy City Attorney
State Bar No. 15091300

**ATTORNEYS FOR DEFENDANTS CITY OF AMARILLO, GINGER NELSON, FREDA POWELL, EDDY SAUER, ELAINE HAYS, HOWARD SMITH**

ii

# Table of Contents

A.     Introduction and Summary of Plaintiff's claims ................................................................ 2

B.     Issue of Law ...................................................................................................................... 3

C.     Arguments and Authorities ............................................................................................... 3

    1. Dismissal under Fed. R. Civ. P. 8(a) and 12(b)(6). ............................................................ 3

        (a).     Plaintiff's *Monell* Claims under 42 U.S.C. § 1983 against the City. ...................................... 5

        (i) Equal Protection Claims ................................................................................................. 8

        (ii) Due Process Claims ..................................................................................................... 9

    (B).     Plaintiff's Conspiracy Claims per 42 U.S.C. § 1985. .............................................. 10

2.     Plaintiff's other civil conspiracy Claims under against the City ...................... 12

3.     City's Plea to the Jurisdiction ................................................................................. 13

    A.     Plaintiff's takings claims against the City. .................................................................. 14

        (i).  *The Plaintiff failed to adequately plead a takings claim because he did not allege that the City engaged in any intentional act.* ...................................................................................... 15

        (ii).  *The Plaintiff failed to adequately plead a takings claim because he did not allege that any government act proximately caused a regulatory taking.* .............................................. 17

        (iii).  *The Plaintiff failed to adequately plead a takings claim because he did not allege that any regulatory taking was for public use.* ............................................................................ 19

        (iv) *The Court should grant the City's plea to the jurisdiction because the Plaintiff has failed to demonstrate that he has standing to challenge the City's enforcement of ordinances on another's property.* ................................................................................................................... 19

    B. Nuisance Claims ............................................................................................................ 20

        (i).  Private Nuisance Claim ................................................................................................ 20

        (ii).  Public Nuisance Claim ............................................................................................... 21

4.     Council Defendants in their Official and Individual Capacities ............................................ 21

5.     Declaratory Judgment Claims ................................................................................... 23

6.     Exemplary Damages .................................................................................................. 24

iii

## Table of Authorities

*Cases*

*Allstate Ins. Co. v. Receivable Fin. Co., L.L.C.,* 501 F.3d 398, 414 (5th Cir. 2007) ……………12

*Amazon Tours v. Quest Global Angling Adventures,* 3:03cv2551–M, 2004 WL 1788078 at *4 (N.D.Tex. June 30, 2004) ……………………………………………………………………………………12

*Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009)……………………………………………...4, 5, 6, 7, 10

*Barnes v. Gorman,* 536 U.S. 181, 189, 122 S.Ct. 2097, 153 L.Ed.2d 230 (2002) ……………..24

*Baldwin v. Daniels*, 250 F.3d 943, 946 (5th Cir. 2001)…………………………………………9

*Bell Atlantic v. Twombly,* 550 U.S. 544 (2007)…………………………………………..3,4,5,6, 7, 10

*Benefit Realty Corp. v. City of Carrollton,* 141 S.W.3d 346, 349 (Tex.App.-Dallas 2004, pet. denied)…………………………………………………………………………………………12

*Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000)……………………...…13, 19

*Board. Of County Comm'rs of Bryan County, Okla. V. Brown,* 520 U.S. 397 (1997)……..7, 8, 10

*Brandon v. Holt*, 469 U.S. 464, 471 (1985)…………………………………………………...21

*Brandon v. Wells Fargo Bank, N.A*., 2011 WL6338832 at *7 (E.D. Tex. 2011) . . . . …………..4

*Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir. 1988)………………………………………9

*Brunig v. Clark*, 560 F.3d 292, 297 (5th Cir. 2009)…………………………………………………6

*City of Anson v. Harper*, 216 S.W.3d 384, 395 (Tex. App.—Eastland 2006, no pet.)…………23

*City of Dallas v. Albert,* 354 S.W3d 368, 378 (Tex. 2011)………………………………...22

*City of Dallas v. Jones*, 331 S.W.3d 781, 787 (Ct. App. – Dallas 2010, *pet dism'd*)……………22

*City of Houston v. Carlson*, 451 S.W.3d 828, 830 (Tex. 2014)………………….………14, 15, 16

*City of Houston. v. Williams*, 216 S.W.3d 827, 829 (Tex. 2007)……………………………...24

*City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247 (1981)……………………………………24

*City of Paris v. Abbott*, 360 S.W.3d 567, 583 (Ct. App. – Texarkana 2011)……………………23

*City of San Antonio v. Pollock*, 284 S.W.3d 809, 820-21 (Tex. 2009)…………………….……19

*City of San Antonio v. Pollock*, 155 S.W.3d 322, 326 (Tex. App. -San Antonio 2004)……...…21

*County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998)…………………………….....9

*Erickson v. Pardus*, 551 U.S. 89 (2007). ……………………………………………………....3

*Flores v. U.S*., 2011 WL 1486593 at *4 (W.D. Tex. 2011)………………………………………4

iv

*Grunwald v. City of Castle Hills*, 100 S.W.3d 350, 354 (Tex. App.—San Antonio 2002, no pet.)……………………………………………………………………………..16, 19

*Hafer v. Melo*, 502 U.S. 21, 25 (1991)……………………………………………………21

*Harris County Flood Control Dist. v. Kerr*, 499 S.W.3d 793, 799 (Tex. 2016)……………………………………………………………….14, 15, 16, 17, 18, 19

*Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 476 (Tex. 2012)……….14, 15, 16, 17

*Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994)………………………………..11

*Johnson v. Narcotics Trafficking Task Force*, 379 F.3d 293 (5th Cir. 2004)…………………6, 7

*Kaluczky v. City of White Plains,* 57 F.3d 202, 211 (2d Cir.1995) ………………….... ……….10

*Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)…………………………………………..21

*Lingle v. Chevron U.S.A. Inc.,* 544 U.S. 528, 537, 125 S.Ct. 2074, 161 L.Ed.2d 876 (2005)….14

*Marceaux v. Lafayette City- Parish Consol. Govt*, 921 F. Supp.2d 605, 642 (W.D. Louisiana 2013)…………………………………………………………………………………....11

*Matthias v. Bingley*, 906 F.2d 1047, 1051 (5th Cir. 1990)………………………………………9

*Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 935 (Tex. 1998)…………………………17, 18

*McAfee v. 5th Cir. Judges,* 884 F.2d 221, 222 (5th Cir.1989……………………………....10

*Meadows v. Hartford Life Ins. Co.,* 492 F.3d 634, 640 (5th Cir.2007) …………………….....12

*Monell v. New York Dep't of Social Services*, 436 U.S. 658 (1978). …………………………5, 6

*Penn. Coal Co. v. Mahon*, 260 U.S. 393, 413 (1922)…………………………………………...15

*Perez v. City of Dallas,* 180 S.W.3d 906, 910 (Tex.App.-Dallas 2005, no pet.)……………..12

*Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir.) *cert. denied*, 534 U.S. 820 (2001)…………………………………………………………………..……...5

*Preston v. City of Fort Worth, Tex.*, 588 F.3d 838 (5th Cir. 2009)……………………………..5

*Roa v. City of Denison*, 2017 WL 9287012 at *15 (E.D. Tex 2017)…………………….....8

*Russell v. Grace Presbyterian Village*, No. 3:05-CV-0030-P, 2005 U.S. Dist. 205 WL 1489579 *1, N.D. Tex. June 22, 2005)…………………………………………………………………..3

*Perez v. City of Dallas,* 180 S.W.3d 906, 910 (Tex.App.-Dallas 2005, no pet.)……………..12

*Schmitz v. Denton County Cowboy Church*, 550 S.W.3d 342, 356 (Tex. App—Ft. Worth 2018, pet. denied)……………………………………………………………………15, 19, 20

*State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez,* 82 S.W.3d 322, 327 (Tex.2002)……………………………………………………………………………………13

*Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 639 (Tex. 1999)....................................................13

*Tex. Dept of Transp. v. Sefzik*, 355 S.W.3d 618, 622 (Tex. 2011)……………………………...24

*Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 225–26 (Tex.2004)……………...13

*Tilton v. Marshall,* 925 S.W.2d 672, 681 (Tex.1996))…………………………………………….12

*Village of Tiki Island v. Ronquille*, 463 S.W.3d 562, 583 (Ct. App. –Houston 2015) ………….23

*Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)…………………………………...…..8

*Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 694 n. 3 (Tex.2003)……………………13

*Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999)………………………………………….8

*Zarrow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 168 (5th Cir. 2010)…………………..…5, 6

## *Statues and Rules*

Fed. R. Civ. P. 8………………………………………………………………………………….3,5

Fed. R. Civ. P. 12(b)(6)…………………………………………………………………………...1,3

TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) ……………………………………………12
TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.021(1)-(2), ………………………….12, 13, 20
TEX. CIV. PRAC. & REM. CODE § 101.025……………………………………………………….13
TEX. CIV. PRAC. & REM. CODE §§ 101.022……………………………………………...…..12
TEX. CONST. ART. I,  § 17………………………………………………………………....14, 19
TEX. CIV. PRAC. & REM. CODE & REM. CODE § 101.106(e)…………………………………21
TEX. CIV. PRAC. & REM. CODE § 101.024……………………………………………………..24

Fisher v. City of Amarillo
Brief in Support

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| **Mike Fisher,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **2:20-CV-64** |
| | § | |
| | § | |
| **City of Amarillo, Ginger Nelson, for herself and** | § | |
| **as mayor of City of Amarillo, Elaine Hays, Eddy Sauer** | § | |
| **Freda Powell, Howard Smith, Amarillo National Bank,** | § | |
| **William Ware, II, Plaza Amarillo, LLC, Step** | § | |
| **Values, LLC dba Dunkin Donuts, Dunkin Brands, Inc.,** | § | |
| **Fresh Burger, LLC dba BurgerFi, Burger Fi Int'l, LLC** | § | |
| **Edit Clean, LLC dba Tide Dry Cleaners, The Proctor &** | § | |
| **Gamble Co., Five S Buildings, LLC, 45th and Soncy,** | § | |
| **LLC** | § | |
| **Defendants.** | § | |

**DEFENDANTS, CITY OF AMARILLO, GINGER NELSON, ELAINE HAYS, EDDY**
**SAUER, FREDA POWELL, HOWARD SMITH, BRIEF-IN-SUPPORT OF MOTION TO**
**DISMISS PLAINTIFF' S ORIGINAL COMPLAINT FOR FAILURE TO STATE A**
**CLAIM UPON WHICH RELIEF CAN BE GRANTED PER FEDERAL RULE OF CIVIL**
**PROCEDURE 12(B)(6) AND PLEA TO THE JURISDICTION**

TO THE HONORABLE COURT:

      Defendant, CITY OF AMARILLO, (hereinafter referred to as the "City") and Mayor Ginger Nelson, Elaine Hays, Eddy Sauer, Freda Powell, Howard Smith (hereinafter referred to as a group as "Council Defendants"))(collectively referred to herein as the "City") as styled in Plaintiff's Original Complaint[1] (hereinafter referred to as the "Complaint") and pursuant to Fed. R. Civ. P. 12(b)(6) moves the Court to dismiss the Complaint because the Complaint fails to state a claim upon which relief can be granted and wholly fails to state a valid wavier of immunity under state law.  In support of this Motion, the City states:

---

[1] Document 1.  The Defendants would request that the Court take Judicial Notice of its file in this case for reference purposes.

1

## A.       Introduction and Summary of Plaintiff's claims

1.       Mike Fisher, (herein referred to as the "Plaintiff") filed his Original Complaint on or about March 14, 2020.

2.       The City was served on or about March 20, 2020 by serving the City Secretary and Council Defendants have waived service.

3.       The Plaintiff's Complaint alleges due process violations under 42 U.S.C § 1983, conspiracy claims per section 1985, nuisances claims, taking claims, declaratory judgment and requests punitive damages against the City and Council Defendants.

4.       Plaintiff states he bought the Home located at 4410 Van Kriston Dr., Amarillo, Texas in June 2012.[2]  Plaintiff's Home boundary is adjacent to the immediate south by S.W. 45th street (a main arterial street) and is in close proximity (approx 245 feet) to the beginning (N.E.) corner and major intersection of S.W. 45th and Soncy Road, another major arterial street.  *See* Document 1, page 42 (Exhibit "A" pl 22).  *See also* City's Appx 7-8.

5.       Exhibit "A" filed with Plaintiff's Complaint establishes that the site in controversy located at the northeast corner of 45th and Soncy (Lot 12 in Block 45) on which the commercial strip center was constructed was to be used for "commercial or other uses" and was zoned for General Retail was filed of record in 1993.  *See* page 21 of Document 1(page 1 of Exhibit "A") *See also* Appx 1-6.

6.       Plaintiff states that commercial development began on the property located a 4411 Soncy (Lot 12, Block 45, common addresses of 4411, 4413, and 4415 Soncy) in mid-2016.  *See* Document 1, ¶¶ 36-37.

---

[2] *See* Document 1, ¶ 34.

Fisher v. City of Amarillo
Brief in Support

7.      Plaintiff states that he has been subject to chronic nuisances as a result of the commercial strip center[3] and that the value of his Home has been "eroded by its proximity to the strip mall"[4] and that his "in ground pool . . . has become unusable much of the time due to commercial noise and unpleasant smells."[5]

8.      Plaintiff claims his Home has decreased in value (based upon Potter-Randall County Appraisal District assessments) "since the construction of the commercial strip center" and because of the home's proximity to the strip center.  *See* Document 1, ¶ 40.

## B.      Issue of Law

The issue of law presented by this Motion and Brief-in-Support[6] asserts that Plaintiff has failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 8 as to the City and Council Defendants and has failed to articulate a valid wavier of  immunity and as such he has failed to articulate the required factual basis for a viable claim.

## C.      Arguments and Authorities

### 1.  DISMISSAL UNDER FED. R. CIV. P. 8(A) AND 12(B)(6).

Federal Rule of Civil Procedure 8 (a) (2) requires Plaintiff to state in the complaint a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. Proc. 8 (a); *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007), *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007), *Russell v. Grace Presbyterian Village*, No. 3:05-CV-0030-P, 2005 U.S. Dist. 205 WL 1489579 *1, N.D. Tex. June 22, 2005).  The complaint must give the defendant fair notice

---

[3] *See* Document 1, ¶ 38.
[4] *See* Document 1, ¶ 39.
[5] *See* Document 1, ¶ 39.
[6] The allegations and arguments of the Defendant's Motion are incorporated by reference into this Brief-in-Support for all purposes.  *See* Fed. R. Civ. P. 10(c).

Fisher v. City of Amarillo
Brief in Support

of what the claim is and the grounds upon which it rests". *Twombly*, 550 U.S. at 544-555. (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the Supreme Court has made it clear that the showing contemplated by Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. *Ashcroft,* 129 S. Ct. at 1950.  Furthermore, to survive a motion to dismiss for failure to state a claim, a complaint must plead facts that allow the court to infer that plaintiff's right to relief is "plausible".  *Id.*  To allege a plausible right to relief, the facts pleaded must suggest liability. *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly,* 550 U.S. at 556). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Ashcroft,* 129 U.S. at 1950.

    The *Ashcroft* Court established a two-step approach for assessing the sufficiency of a complaint.  The first step requires the court to identify allegations in the complaint "that are not entitled to the assumption of truth."  *Ashcroft*, 129 S.Ct. at 1951.   A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.  Secondly, after dismissing all "conclusory allegations the remaining factual allegations are assessed to "determine if they plausibly suggest an entitlement

to relief." *Ashcroft*, 129 U.S. at 1951. *See also Brandon v. Wells Fargo Bank, N.A.*, 2011
WL6338832 at *7 (E.D. Tex. 2011); *Flores v. U.S.*, 2011 WL 1486593 at *4 (W.D. Tex. 2011).

   Analyzing the pleadings in light of the standards cited above, the Complaint fails to state a
claim against the City and the Council Defendants because it lacks specific factual allegations
that demonstrate a persistent, widespread formal or informal practice adopted by the City that
was the "moving force" behind Plaintiff' alleged injuries or that would even remotely constitute
a constitutional violation. Thus, per *Twombly* and *Ashcroft*, the Plaintiff fails to nudge his claims
"across the line from conceivable to plausible"[7] and accordingly Plaintiff's claims must be
dismissed.

   (A).   PLAINTIFF'S *MONELL* CLAIMS UNDER 42 U.S.C. § 1983 AGAINST THE CITY.

   For the Plaintiff to state a claim under Fed. R. Civ. P. 8 concerning alleged violations of 42
U.S.C. § 1983 the Plaintiff must identify a (1) policymaker, (2) a policy or custom, and (3) a
violation of constitutional rights whose "moving force" is that policy or custom. *See Monell v.
New York Dep't of Social Services*, 436 U.S. 658, 694 (1978); *See also Zarrow v. City of Wichita
Falls, Tex.*, 614 F.3d 161, 168 (5th Cir. 2010); *Piotrowski v. City of Houston*, 237 F.3d 567, 578
(5th Cir.) *cert. denied*, 534 U.S. 820 (2001).

   Plaintiff cannot successfully perpetuate the allegations made against the City under section 42
U.S.C. § 1983 unless the City has a policy or custom that violated the Plaintiff' "clearly
established" civil rights.  *See Monell v. New York Dep't of Social Services*, 436 U.S. 658, 694
(1978).  A policy or custom is defined as:

_____

   [7] 129 U.S at 1950 (quoting *Twombly*, 550 U.S. at 570).

(a) A policy statement, ordinance, regulation or decision that is officially adopted and maintained by [government] lawmaking officers or by an official to whom the lawmakers have delegated policymaking authority; or
(b) A persistent, widespread practice of officials or employees which, although not authorized by officially adopted . . . policy is so common and well-settled as to constitute a custom that fairly represents policy.[8]

The Complaint *never* alleges a formal or written policy by the City as the *moving force* for an alleged constitutional deprivation.  Thus, Plaintiff must show a persistent widespread practice of officials or employees. When alleging a custom or practice  the plaintiff must demonstrate a pattern of abuses that transcends [an alleged] error made in a single case. *Preston v. City of Fort Worth, Tex.*, 588 F.3d 838, 850-51 (5th Cir. 2009).  Lest the Court plummet into a *respondeat superior* framework which of course cannot support civil rights liability for a municipality. *Monell*, 436 U.S. at 691 ( Federal law holds that a municipality cannot be held liable under 42 U.S.C. §1983 on a theory of *respondeat superior*.)

Actual or constructive knowledge of such customs must be attributable to the governing body or to an official to whom the body had delegated policymaking authority. *Id.* Within this context the Court must consider whether the allegedly unconstitutional action constitutes a "custom, [practice], or policy of the municipality." *Zarrow*, 614 F.3d at 168. To achieve this task the Court must first utilize the two-step approach outlined in *Twombly* and *Ashcroft* whereby all allegations that are "conclusory" or merely "a recitation of elements masquerading as facts[9]" are eliminated from consideration.  Almost all of Plaintiff's assertions in the Complaint are of a "conclusory" nature, devoid of any factual specifics, full of "labels" and legal "conclusions" and cannot be deemed as true per the mandates of *Twombly* and *Ashcroft*.

---

[8] Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force, 379 F.3d 293, 309 (5th Cir. 2004).
[9] *Brunig v. Clark*, 560 F.3d 292, 297 (5th Cir. 2009).

6

Fisher v. City of Amarillo
Brief in Support

Plaintiff alleges "damages from the City of Amarillo and its council members for their failure to respect Plaintiff's constitutional rights"[10].  It is hard imagine how allegations such as these could meet the "plausibility" analysis articulated in *Twombly* and *Ashcroft*.   This kind assertion does not "plausibly" suggest a constitutional deprivation at all.  Plaintiff makes vague references to Council Defendants and their relationship to Franchise Defendants throughout the pleading discussing political contributions[11], deed restrictions, and various business dealings,[12] sprinkled with hints of or allegations of bribery[13] all of which are devoid of any factual specifics.   These conclusory statements do not plead facts that allow the court to infer that Plaintiff's right to relief is "plausible". All of the aforementioned assertions in the Complaint are of a "conclusory" nature, devoid of any factual specifics, full of "labels" and legal "conclusions" and cannot be deemed as true per the mandates of *Twombly* and *Ashcroft*.

 Other assertions like those in paragraphs (59), (60), and (61) in which Plaintiff generally refers to the "City" do not state a claim because they do not identify a policymaker with the authority to authorize an alleged practice or any specific facts indicating actual or constructive knowledge of such an alleged practice so as to attribute the practice to the City as required by *Johnson. See Johnson*, 379 F.3d at 309.

The Plaintiff must show that a policymaker for the municipal body made a deliberate and conscious choice to ratify a policy or custom that was the "moving force" that caused the injury. *Bd. Of County Comm'rs of Bryan County, Okla. V. Brown,* 520 U.S. 397, 404 (1997). The *Brown* Court held that "a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and

---

[10] *See* Document 1, ¶ 97.
[11] *See* Document 1, ¶ 54.
[12] *See* Document  1, ¶ 56.
[13] *See* Document 1, ¶¶ 55 and 58.

Fisher v. City of Amarillo
Brief in Support

the deprivation of federal rights." *Id.* The *Johnson* court held that a plaintiff must show that (1) the policy itself violated federal law and authorized or directed the deprivation of federal rights or (2) that the policy was adopted or maintained by the policymakers with deliberate indifference as to its known or obvious consequences. 379 F.3d at 309. A "showing of simple or even heightened negligence will not suffice." *Id. See also Brown*, 520 U.S. at 407. The *Brown* Court held that "where a plaintiff claims that the municipality has not directly inflicted the injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employees". 520 U.S at 405. The Plaintiff's Complaint never alleges a policy maker made any choice with the requisite degree of culpability to demonstrate a direct causal link between a municipal action and the alleged deprivation of federal rights. Because the Complaint affirmatively fails to establish the aforementioned "culpability" requirement on the part of a policymaker, the Complaint does not state a claim against the City per *Monell* and its progeny.

### (i)  Equal Protection Claims

To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *See Roa v. City of Denison*, 2017 WL 9287012 at \*15 (E.D. Tex 2017) (quoting *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999)). To bring a "class of one" claim under the Equal Protection Clause, a plaintiff must allege that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The purpose is to protect every person from intentional and arbitrary discrimination brought by the express terms of a statute or the execution of a statute by its agents. *Id.*  In Paragraph (98), the Plaintiff alleges "a pattern of

8

harassing Plaintiff" and that "Plaintiff has been repeatedly harassed over non-existent violation

on property outside Amarillo city limits" *See* Document 1, ¶ 98. These claims of harassment

relate to an investigation by the Amarillo Bi-City County Health District, (recently renamed the

Amarillo Area Public Health District)[14] relating to uncapped sewer lines on Plaintiff's property.

(*See* City's Appx 9-11).  Plaintiff claims that the Amarillo Health Department inspectors left a

Notice of Violation and conducted a subsequent inspection of Plaintiff's property acting on

behalf of the District that ultimately resulted in no citations or fines.  *See* Document 1, ¶¶ 46-48.

Plaintiff alleges that the inspectors conducted their investigation on his property in accordance

with a Search Warrant.  *See* Document 1, ¶ 48. *See also* City's Appx 9-11.   Thus, the Plaintiff's

basis for his equal protection claim in Paragraph (98) of the Complaint is essentially this: the

City investigated[15] and has taken "minimal"[16] action against the commercial strip mall west of

his Home and took "no" action against his business in Randall County[17], and thusly, the City

failed to provide him equal protection.  The City submits that these allegations do not state a

plausible equal protection claim.

#### (ii)  Due Process Claims

Plaintiff must identify a protected life, liberty, or property interest at issue when alleging

violations of either procedural or substantive due process. *Baldwin v. Daniels*, 250 F.3d 943, 946

(5th Cir. 2001); *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir. 1988).

Procedural due process requires notice and an opportunity to be heard. *Matthias v. Bingley*, 906

F.2d 1047, 1051 (5th Cir. 1990). "The Due Process Clause permits persons whose interests may

---

[14] The Amarillo Area Public Health District is a governmental entity per Chapter 121 of the Health and Safety Code that serves the City of Amarillo and by Interlocal agreement also provides certain health services to the City of Canyon as well as the Counties of Potter and Randall.

[15] *See* Document 1, ¶ 45 ("City inspected BurgerFi …informing them that they needed to have the area cleaned up…").

[16] *See* Document 1, ¶ 43.

[17] *See* Document 1, ¶ 48.

Fisher v. City of Amarillo
Brief in Support

be adversely affected by government decisions to participate in those decisions." *Id.* at 1052.
Substantive due process bars certain government actions when they can properly be
characterized as arbitrary, or conscience shocking, in a constitutional sense. *C'ty of Sacramento
v. Lewis*, 523 U.S. 833, 846-47 (1998).  The Plaintiff admits that no action was taken by the City
in relation to the Plaintiff's business.  *See* Document 1, ¶ 48.  Plaintiff does not allege any
plausible facts that would indicate that he was denied either procedural or substantive due
process.  To succeed on a substantive due process claim, Plaintiff must show that a specfic
government action was "arbitrary, conscience-shocking, or oppressive in a constitutional sense,"
and not merely " 'incorrect or ill-advised.' " *Kaluczky v. City of White Plains,* 57 F.3d 202, 211
(2d Cir.1995) (citations omitted).  Plaintiff cites no case law that would indicate he suffered a
constitutional due process violation by the government's "minimal"[18] enforcement action against
an unrelated *adjoining* third-party property owner.

   In Paragraph (49) the Plaintiff also alludes to an arrest by a Randall County Fire Marshall and
infers that somehow the City is responsible. *See* Document 1, ¶ 49.  A plaintiff must show that
the asserted municipal action was taken with the requisite degree of culpability and must
demonstrate a direct causal link between the municipal action and the deprivation of federal
rights." *Brown*, 520 U.S. at 404 (1997).  None of the aforementioned Due Process allegations
"plausibly" allege a Section 1983 claim against the City.

   (B).   PLAINTIFF'S CONSPIRACY CLAIMS PER 42 U.S.C. § 1985.

   The Plaintiff alleges in paragraph (102) of the Complaint that "the City and Council
Defendants acted to use the City's agents to harass Plaintiff and cause him mental anguish and
deprive him of the peaceful use of his home deliberately acting to permit a ongoing private

---

[18] *See* Document 1, ¶ 43.

Fisher v. City of Amarillo
Brief in Support

nuisance depriving Plaintiff of his rights and privileges and to further harass him at his business based upon ludicrous excuses regarding exposed pipes and fires, among other acts, a violation of 42 U.S.C. § 1985(3)."   This statement is entirely conclusory and should not be deemed as true per the mandates of *Twombly* and *Ashcroft*.   *See McAfee v. 5th Cir. Judges,* 884 F.2d 221, 222 (5th Cir.1989) ("It is now well settled in this Circuit that mere conclusory allegations of conspiracy cannot, absent reference to material facts, state a substantial claim of federal conspiracy.").   To state a viable claim under 42 U.S.C. § 1985(3), a plaintiff must allege plausible facts supporting: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.  *Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994).  The plaintiff must show that the conspiracy was motivated by a class-based animus.  30 F.3d at 653.  *See also Marceaux v. Lafayette City- Parish Consol. Govt*, 921 F. Supp.2d 605, 642 (W.D. Louisiana 2013). Here, the Plaintiff has not alleged that the City or Council Defendants were motivated by racial animus and there his conspiracy claims must be dismissed.  *Id.* at 643.  (failure to allege a conspiracy necessitates dismissal for failure to state a claim). Furthermore, per Section 1985(3), a corporate entity and its employees constitute a "single legal entity which is incapable of conspiring with itself." *Ferguson,* 30 F.3d at 653  (holding that a school board and its employees constituted a single legal entity which could not conspire with itself for § 1985 (3) purposes).  In a like manner, "City agents" as alleged in paragraph 102[19] are incapable of conspiring with Council Defendants in their official capacities. For purposes of § 1985, Plaintiff's conspiracy claim fails.

---

[19] *See* Document 1, ¶ 102.

Fisher v. City of Amarillo
Brief in Support

2.   PLAINTIFF'S OTHER CIVIL CONSPIRACY CLAIMS UNDER AGAINST THE CITY.

In Paragraphs 74, 75, 76, and 77 of the Complaint, Plaintiff alleges a formalistic recitation of a legal cause of action (civil conspiracy) and nothing more.  These paragraphs are devoid of any specific facts from which to gain some inference as to the underlying tort that Plaintiff must plead in order to establish this cause of action.  Additionally, in Paragraph (92) of the Complaint,   Plaintiff alleges "damages should be laid against the Council Defendants, ANB, and the Wares, based upon the conspiracy between them to allow the Franchise Defendants to set up business where they were likely to violate the deed restrictions and their actions to protect the Franchise Defendants and harass Plaintiff."   Once again, these vague and conclusory allegations do not plead any underlying tort in which a City or Council Defendants could be held liable for. Civil conspiracy is a derivative tort; therefore, liability for a civil conspiracy depends on participation in an underlying tort.  *Allstate Ins. Co. v. Receivable Fin. Co., L.L.C.,* 501 F.3d 398, 414 (5th Cir. 2007) (citing *Tilton v. Marshall,* 925 S.W.2d 672, 681 (Tex.1996)). In order to adequately plead a claim for civil conspiracy, a plaintiff must adequately plead the underlying tort. *Meadows v. Hartford Life Ins. Co.,* 492 F.3d 634, 640 (5th Cir.2007) ("If a plaintiff fails to state a separate claim on which the court may grant relief, then the claim for civil conspiracy necessarily fails."); *see also Amazon Tours v. Quest Global Angling Adventures,* 3:03cv2551–M, 2004 WL 1788078 at *4, 2004 U.S. Dist. LEXIS 12382 at *10–11 (N.D.Tex. June 30, 2004) (holding that catch-all "incorporation by reference" statement in the civil conspiracy section of a complaint did not give defendants fair notice that any of the other torts listed in the complaint were the underlying tort).

Moreover, when a municipality is engaged in a governmental function, its immunity is not waived for claims arising out of intentional torts. TEX. CIV. PRAC. & REM. CODE ANN. §

101.057(2)  *See Benefit Realty Corp. v. City of Carrollton,* 141 S.W.3d 346, 349 (Tex.App.-

Dallas 2004, *pet. denied*). The Tort Claims Act permits suit against governmental units for

personal injuries or property damage in three general circumstances: personal injuries caused by

(1) the use of publicly owned automobiles, (2) a condition or use of tangible personal or real

property, and (3) a premises defect, or the condition of real property. *See* TEX. CIV. PRAC. &

REM.CODE ANN. §§ 101.021(1)-(2)(Vernon 2005), 101.022 (Vernon Supp. 2007); *Perez v.*

*City of Dallas,* 180 S.W.3d 906, 910 (Tex.App.-Dallas 2005, no pet.).  Plaintiff has not

specifically alleged any facts that indicate a tort within TTCA wavier of immunity.  *See Texas*

*Bay Cherry Hill, L.P. v. City of Fort Worth*, 257 S.W.3d 379, 392-93 (Ct Appeals – Fort Worth)

(affirming the district court's dismissal of disparagement, interference, and conspiracy claims

against the City of Fort Worth pursuant to a plea to the jurisdiction).  To the contrary, throughout

the Complaint, Plaintiff alleges that "non-negligent" actions of the "City" or city staff or Council

Defendants were the cause of his alleged damages. *See* Document 1, ¶¶ 60 and 105.  Since the

Plaintiff has not alleged an underlying tort within the wavier provisions of the Texas Tort Claims

Act, plaintiff's civil conspiracy claim is without merit and should be dismissed.


   3.   CITY'S PLEA TO THE JURISDICTION

   A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of

subject matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000).

Because governmental immunity from suit defeats a trial court's jurisdiction, it may be raised by

such a plea. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 225–26

(Tex.2004); *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 639 (Tex. 1999). Whether a court has

subject matter jurisdiction is a legal question. *State ex rel. State Dep't of Highways & Pub.*

*Transp. v. Gonzalez,* 82 S.W.3d 322, 327 (Tex.2002). Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law. *Miranda*, 133 S.W.3d at 226. Sovereign immunity from suit defeats a trial court's subject matter jurisdiction unless the state expressly consents to suit. *Jones,* 8 S.W.3d at 638. Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the State, including counties, cities, and school districts. *See Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 694 n. 3 (Tex.2003) (recognizing that sovereign immunity and governmental immunity are distinct concepts although courts often use the terms interchangeably). The Texas Tort Claims Act provides a limited waiver of governmental immunity if certain conditions are met. *See* TEX. CIV. PRAC. & REM. CODE §§ 101.021, 101.025.

A.   PLAINTIFF'S TAKINGS CLAIMS AGAINST THE CITY.

The Plaintiff claims that the City committed a regulatory taking of his residential property by refusing to enforce City ordinances against his neighbor's commercial property. *See* Document 1, ¶¶ 93-94, 97-99[20]. "A municipal government enjoys immunity from suit unless its immunity has been waived." *City of Houston v. Carlson*, 451 S.W.3d 828, 830 (Tex. 2014). "Without this waiver, courts have no jurisdiction to adjudicate any claim against the municipality." *Id*. The Texas Constitution waives immunity for inverse-condemnation claims. *Harris County Flood Control Dist. v. Kerr*, 499 S.W.3d 793, 799 (Tex. 2016). In order to invoke such a waiver, a plaintiff must properly plead a viable takings claim by "alleging sufficient facts affirmatively demonstrating the court's jurisdiction to hear the case." *Carlson*, 451 S.W.3d at 830; *Hearts*

---

[20] In Paragraph (99) of the Complaint, Plaintiff asserts a taking of his property based on the Fifth Amendment to the U.S. Constitution. It is generally recognized that the U.S. takings claim and Texas takings claim are parallel, with minor distinctions not pertinent in this case. *Harris County Flood Control District v. Kerr,* 499 S.W.3d 793 (Tex. 2016) (we have recognized that federal and Texas takings jurisprudence are generally consistent); *University of Houston System v. Jim Olive Photography*, 580 S.W.3d 360 (Tex. App. [1ˢᵗ Dist.], 2019) ("Texas courts look to federal takings jurisprudence for guidance.").

14

*Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 476 (Tex. 2012).  Otherwise, "a court must sustain a properly raised plea to the jurisdiction." *Carlson*, 451 S.W.3d at 830.

The Texas Constitution forms the basis for a takings claim: "Sec. 17. (a) No person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made." T<small>EX.</small> C<small>ONST.</small> <small>ART.</small> I, § 17.  "A taking is the acquisition, damage, or destruction of property via physical or regulatory means." *Carlson*, 451 S.W.3d at 831.  A taking via regulatory means occurs when "no formal exercise of the power of eminent domain has been attempted by the taking agency", but rather "a condition of use [is] so onerous that its effect is tantamount to a direct appropriation or ouster." *Id.* (quoting *Lingle v. Chevron U.S.A. Inc.,* 544 U.S. 528, 537, 125 S.Ct. 2074, 161 L.Ed.2d 876 (2005)); *Hearts Bluff*, 381 S.W.3d at 476 (internal quotations and citation omitted).  "[W]hen regulation of private property 'reaches a certain magnitude . . . there must be an exercise of eminent domain and compensation to sustain the act.'" *Carlson*, 451 S.W.3d at 831 (citing *Penn. Coal Co. v. Mahon*, 260 U.S. 393, 413 (1922)).  In this case, "[e]ven accepting  all pleaded facts as true", the Plaintiff has failed to plead a takings claim that affirmatively demonstrates the Court's jurisdiction. *Id.* at 832.

> (i).  *The Plaintiff failed to adequately plead a takings claim because he did not allege that the City engaged in any intentional act.*

"To plead inverse condemnation, a plaintiff must allege an intentional government act that resulted in the uncompensated taking of private property" for public use.  *Id.*; *Harris County Flood Control Dist. v. Kerr*, 499 S.W.3d 793, 799 (Tex. 2016).  "Only affirmative conduct by the government will support a takings claim"; the Texas Supreme Court has "not recognized a takings claim for nonfeasance".  *Kerr*, 499 S.W.3d at 799-800.  "[T]here must be a current, direct restriction on the use of the land, referring to a physical act or legal restriction on the property's

use". *Hearts Bluff*, 381 S.W.3d at 481.  Further, rebranding inaction as affirmative conduct by referring to a ministerial government task is not sufficient.[21]

Here, the Plaintiff has not pled an intentional act on behalf of the City or Council Defendants. In fact, the Plaintiff has explicitly pled the opposite: "the City has responded [to Plaintiff's complaints] as minimally as possible[22]" and "the City has refused to enforce its rules [against Plaintiff's neighbor's property]" *See* Document 1, ¶ 44.  The only "act" that has been alleged is a refusal to act: "City . . . refused to even cite the facilities" *See* Document 1, ¶ 45, and "City would not even cite businesses on the Property" *See* Document 1, ¶ 50.  A failure to enforce city ordinances or regulations does not create a takings claim.  *Schmitz v. Denton County Cowboy Church*, 550 S.W.3d 342, 356 (Tex. App—Ft. Worth 2018, pet. denied) ("A claim based upon a governmental unit's refusal or failure to enforce its own regulations or ordinances is not a takings claim.")  For example, in *Schmitz*, the plaintiffs failed to allege a viable takings claim that would waive governmental immunity when the plaintiffs challenged the manner in which the town enforced its ordinances, changed the zoning, and issued permits on a neighboring tract. *See id.*  In the case of *Grundwald v. City of Castle Hills*, plaintiffs alleged that the City "totally disregarded its functions to enforce its zoning ordinance . . . and has declined to protect the health, safety and welfare of Plaintiffs", and those "acts of omission" caused the value of plaintiffs' property to be reduced below fair market value.  *Grunwald v. City of Castle Hills*, 100 S.W.3d 350, 354 (Tex. App.—San Antonio 2002, no pet.).  The court held that the city's failure to enforce zoning and development ordinances does not amount to a physical or regulatory taking.  *See Id.* at 353-54.  In the *Kerr* case, the court held that the city's approval of

---

[21] *See Kerr*, 499 S.W.3d at 800 (stating that an "attempt to somehow bundle . . . inaction with the affirmative conduct of approving development" was not sufficient to show affirmative conduct).

[22] *See* Document 1, ¶ 43.

Fisher v. City of Amarillo
Brief in Support

development on neighboring property and failure to enforce subdivision regulations were not sufficient to state a takings claim. *See Harris County Flood Control Dist. v. Kerr*, 499 S.W.3d 793 (Tex. 2016). A failure to enforce ordinances against a neighboring property, does not result in a taking. The Plaintiff has not pled any facts that indicate that the City engaged in an intentional act that resulted in a taking of the Plaintiff's property. Therefore, the Plaintiff has not invoked a waiver of immunity, and the Court should dismiss the Plaintiff's takings claim.

> (ii). *The Plaintiff failed to adequately plead a takings claim because he did not allege that any government act proximately caused a regulatory taking.*

In order to overcome a plea to the jurisdiction, the Plaintiff must establish that the government's actions were the proximate cause of a taking. *Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 483 (Tex. 2012). To meet this requirement, the government action must create "current, direct restrictions" on the use of *the plaintiff's property*. *Id.* at 480. "[A] lack of direct governmental restriction of *the owner's use of her land* . . . is dispositive in takings cases". *Id.* (emphasis added). In the *Kerr* case, the homeowner plaintiffs alleged that the government's approval of nearby "unmitigated development" without fully implementing a previously approved flood-control plan resulted in a regulatory taking. *See Kerr*, 499 S.W.3d at 806. The court considered this to be the "antithesis" of an ordinary regulatory takings case. Here, the Plaintiff is not complaining about regulation on *their* property but regulation of *another's* private property. Second the assertion is not *excessive* regulation, but *insufficient* regulation. . . . This uncharted theory should give us pause to ponder whether Plaintiff's claim, even if factually supported, is the stuff of a constitutional taking. Although the case turned on the public use requirement, the court implied that the plaintiffs' damages were not proximately caused by regulation on *their* property. *See id.* at 803 ("In today's case, where the only affirmative conduct that allegedly damaged the homeowners' properties was the approval of private development,

17

there is in our view a real question whether a taking by the government even occurred".).  Here, under the reasoning in *Kerr*, the Plaintiff fails to allege that the City or Council Defendants took any regulatory action on his property which proximately caused the alleged taking.  The Plaintiff has attempted to allege two types of regulatory takings: regulation that denies him economically beneficial use of the land[23]and regulation that unreasonably interferes with his right to use and enjoy his property[24].  "A compensable regulatory taking can occur when governmental agencies impose restrictions that either (1) deny landowners of all economically viable use of their property, or (2) unreasonably interfere with landowners' rights to use and enjoy their property." *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 935 (Tex. 1998).  However, the Plaintiff does not allege any regulation of *his* property has caused those damages.

   Where he alleges that his "home has decreased in value", he explicitly states that it was the "construction of the commercial strip center"—not any government regulation of his property— that caused the decrease in value.  *See* Document 1, ¶ 40.  Plaintiff alleges his in-ground pool "has become unusable much of the time", he explicitly states that it was the "commercial noise and unpleasant smells"—not any government regulation of his property—that caused the loss of use and enjoyment. *See* Document 1¶ 39.  "The approval of private development in this case— doing nothing more than allowing private parties to use their properties as they wish" does not support a takings claim.  *Kerr*, 499 S.W.3d at 804.  Further, it is questionable whether a decrease in the appraisal district's assessed value of the Plaintiff's property is evidence that the property has been "rendered valueless", and he has not so plead.  *Mayhew*, 964 S.W.2d at 935 ("A restriction denies the landowner all economically viable use of the property or totally destroys the value of the property if the restriction renders the property valueless.").  The Plaintiff has not

---

[23] *See* Document 1, ¶ 40.
[24] *See* Document 1, ¶¶ 38-39 and 44.

Fisher v. City of Amarillo
Brief in Support

pled any facts that indicate that City regulation of his property resulted in a taking of his property.  Therefore, the Plaintiff has not invoked a waiver of immunity, and the Court should dismiss the Plaintiff's takings claim.

    (iii).  *The Plaintiff failed to adequately plead a takings claim because he did not allege that any regulatory taking was for public use.*

 In order to constitute a "taking", the government action must be intended to "damage[] or appropriate[] for or appl[y] [the plaintiff's property] to public use".  *City of San Antonio v. Pollock*, 284 S.W.3d 809, 820-21 (Tex. 2009).  "The public-use limitation is the factor which distinguishes a negligence action from one under the constitution for destruction."  *Id.* Acceptable public uses are (1) "the ownership, use, and enjoyment of the property, notwithstanding an incidental use, by the State, a political subdivision of the State, the public at large, or an entity granted the power of eminent domain", and (2) "the elimination of urban blight".  TEX. CONST. ART. 1, § 17(a).  The "public-use element is [not] met where the government does nothing more than approve plats or building permits for private development." *Harris County Flood Control Dist. v. Kerr*, 499 S.W.3d 793, 801 (Tex. 2016).  In the present case, the Plaintiff has not pled that the alleged taking was for public use.  Therefore, the Plaintiff has not invoked a waiver of immunity, and the Court should dismiss the Plaintiff's takings claim.

    (iv). *The Court should grant the City's plea to the jurisdiction because the Plaintiff has failed to demonstrate that he has standing to challenge the City's enforcement of ordinances on another's property.*

 The Plaintiff has failed to demonstrate that he has standing to assert his takings claim against the City for failing to enforce ordinances on a neighboring property.  "Standing is a prerequisite to subject-matter jurisdiction, and subject-matter jurisdiction is essential to a court's power to

decide a case." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553-54 (Tex. 2000). "The absence of subject-matter jurisdiction may be raised by a plea to the jurisdiction." *Id.*

> In general, taxpayers do not have a right to bring suit to contest government decision-making because . . . governments cannot operate if every citizen who concludes that a public official has abused his discretion is granted the right to come into court and bring such official's public acts under judicial review. Unless standing is conferred by statute, taxpayers must show as a rule that they have suffered a particularized injury distinct from that suffered by the general public in order to have standing to challenge a government action or assert a public right. *Id.* at 555-56.

Texas law does not recognize a protected property interest in having ordinances enforced against a landowner's neighbor. *Schmitz v. Denton County Cowboy Church*, 550 S.W.3d 342, 357 (Tex. App.—Ft. Worth 2018, pet. denied); *see Grunwald* at 353-54 (holding that a city's failure to enforce zoning and development ordinances against a neighboring property does not amount to a physical or regulatory taking). Plaintiff appears to assert that he has standing as a taxpayer.[25] As plainly discussed in the *Bland* case, taxpayer standing is not sufficient to challenge the government's enforcement of laws against a neighbor.

### B. Nuisance Claims

The Plaintiff claims that the City's inaction caused private and public nuisances on his property. *See* Document 1, ¶¶ 78-79, 89-92, and 102 (private nuisance), 93-94 (public nuisance). The Court should dismiss all nuisance claims against the City because the Plaintiff has not properly identified any waiver of immunity.

### (i).  Private Nuisance Claim

---

[25] *See* Document 1, ¶ 43.

Fisher v. City of Amarillo
Brief in Support

"[L]iability against a governmental unit for private-nuisance injuries arises only when governmental immunity is clearly and unambiguously waived."[26]  The Plaintiff has alleged that the City could be found liable for nuisance caused by the non-negligent performance of governmental functions.  *See* Document 1, ¶ 81.  Here, the Plaintiff has not pled the independent applicability of any other section of the Tort Claims Act or any other clear waiver.  For example, he has not pled property damage, personal injury, or death resulting from the use of motor-driven equipment.  TEX. CIV. PRAC. & REM. CODE § 101.021(1).  Nor has he pled personal injury or death caused by a condition or use of tangible personal or real property.  *Id.* § 101.021(2).  Therefore, even though he has possibly identified a "governmental function" under section 101.0215(a), he has not adequately pled a waiver of immunity, and the private nuisance claim should be dismissed.

(ii).  Public Nuisance Claim

In Paragraph 93, Plaintiff cites *City of San Antonio v. Polluck*, 155 S.W.3d 322, 326 (Tex. App. -San Antonio 2004) in support of his public nuisance claim but as stated previously Plaintiff does not allege facts that his property was taken for public use. The Plaintiff has not alleged a waiver of immunity for his takings claim.  Therefore, the public nuisance claim should be dismissed.

4.     Council Defendants in their Official and Individual Capacities.

The Plaintiff has sued the Council Defendants in their official capacities and their individual capacities with the exception of Councilmember Howard Smith who is sued in his official capacity only.  *See* Document 1, ¶¶ 12-16, 62. It appears from the Complaint that the Council Defendants (except Councilmember Smith) are individually named only because they

---

[26] *Schmitz v. Denton County Cowboy Church*, 550 S.W.3d 342, 357 (Tex. App.—Ft. Worth 2018, pet. denied).

Fisher v. City of Amarillo
Brief in Support

alleged received campaign contributions from the Wares. *See* Document 1, ¶ 62. Official capacity claims – both federal and state- are in reality claims against the City.[27] Any award of damages against an official in his or her official capacity will be satisfied by the government entity itself and not from the official's personal assets. *Graham*, 473 U.S. at 163. A defendant in an official capacity suit can assert only those defenses the governmental entity itself could assert. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Consequently, an official capacity suit against the Council Defendants is duplicative of the suit against the City and should be dismissed for failure to state a claim upon which relief can be granted.

Furthermore, the Texas Tort Claims Act provides that a plaintiff cannot sue both an entity and an employee of the governmental entity. TEX. CIV. PRAC. & REM. CODE & REM. CODE § 101.106(e). If both are sued then dismissal of the individual upon motion by the governmental entity is mandatory. *Id.* While the Council Defendants are referenced throughout the Complaint none of the allegations specifically implicate any action by an individual Council Defendant related to the Plaintiff's claims. Plaintiff alleges that construction of the commercial strip center began in "mid-2016"[28]. Council Defendants were not elected to office until May of 2017. Allegations such as "Council Defendants acted to use the City's agents to harass Plaintiff and cause him mental anguish and deprive him of the peaceful use of his home, deliberately acting to permit an ongoing private nuisance, depriving Plaintiff of his rights and privileges, and to further harass him at his business based upon ludicrous excuses regarding exposed pipes and fires, among other acts, a violation of 42 U.S.C. § 1985(3)" are entirely conclusory and do not state a claim against the Council Defendants in their official capacity or their individual capacity. *See* Document 1, ¶ 102. As stated previously, Plaintiff does not identify any custom, regulation, or

---

[27] *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Brandon v. Holt*, 469 U.S. 464, 471 (1985).
[28]  *See* Document 1, ¶ 37.

Fisher v. City of Amarillo
Brief in Support

practice which he contends Council Defendants promulgated or alleges plausible facts showing a direct causal link between the custom and an alleged constitutional violation in accordance with *Monell*. Accordingly, City would request dismissal of all claims against Council Defendants both in their individual and official capacities with prejudice.

### 5.    Declaratory Judgment Claims

Plaintiff seeks a Declaratory Judgment "that the actions of the City of Amarillo constitute a violation of the rights" under Article 1, Sections 3 (failing to provide equal protection of the law) and 19 (depriving plaintiffs of their property) of the Texas Constitution. *See* Document 1, ¶ 100.   Generally, a declaratory judgment is not available to circumvent a government's sovereign immunity by having a suit for monetary damages characterized as a suit to determine rights.  *See City of Dallas v. Albert,* 354 S.W3d 368, 378 (Tex. 2011).  The purpose of the equal protection clause is to secure persons against intentional and arbitrary discrimination[29].  If the plaintiff's constitutional claim is facially invalid, the trial court must grant a political subdivision's plea to the jurisdiction asserting governmental immunity.[30]  To assert an equal-protection claim, "[i]t is critical ... that the plaintiff allege he is being treated differently from those whose situation is directly comparable in all material respects." *Jones,* 331 S.W.3d at 787. Here, Plaintiff has wholly failed to allege a viable equal protection claim.

Furthermore, a trial court lacks jurisdiction over a declaratory-judgment claim that merely restates a plaintiff's claim for a taking. *Village of Tiki Island v. Ronquille*, 463 S.W.3d 562, 583 (Ct. App. –Houston 2015)[31]   Plaintiff has alleged "that the actions of the City of Amarillo"

---

[29] *City of Paris v. Abbott*, 360 S.W.3d 567, 583 (Ct. App. – Texarkana 2011).
[30] *See City of Dallas v. Jones*, 331 S.W.3d 781, 787 (Ct. App. – Dallas 2010, *pet dism'd*).
[31] *Id.* ("Because [plaintiff's] Declaratory Judgment Act claim merely restates her takings claim, we hold that the trial court lacks jurisdiction over her request for declaratory judgment."); *City of Anson v. Harper*, 216 S.W.3d 384, 395

Fisher v. City of Amarillo
Brief in Support

violated his rights. Plaintiff is not challenging the validity of an ordinance, he is challenging, the City's actions in furtherance of it and therefore Plaintiff has failed to assert a waiver of immunity.  *See Tex. Dept of Transp. v. Sefzik*, 355 S.W.3d 618, 622 (Tex. 2011).

### 6.   Exemplary Damages

The City would also move to dismiss Plaintiff's claim for "exemplary"[32] or punitive damages. Municipalities are immune from punitive damages under both 42 U.S.C. 1983 and the TEX. CIV. PRAC. & REM. CODE § 101.024. *See City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981) ("Because absolute immunity from such damages obtained at common law and was undisturbed by the 42nd Congress, and because that immunity is compatible with both the purposes of § 1983 and general principles of public policy, we hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983").  Government agencies are generally excluded from punitive damages awards under Section 1983 claims.. *Barnes v. Gorman,* 536 U.S. 181, 189, 122 S.Ct. 2097, 153 L.Ed.2d 230 (2002).

### <u>PRAYER</u>

WHEREFORE, premises considered, The Plaintiff's Original Complaint fails to conform to Rule 8 of the Federal Rules of Civil Procedure and should be dismissed pursuant to Rule 12 (b) (6) of the Federal Rules of Civil Procedure.  Furthermore, Plaintiff has failed to articulate a cause of action and valid waiver of immunity and thus the Court lacks subject matter jurisdiction. For the foregoing reasons Defendants respectfully request that its Motion to Failure to State a

---

(Tex. App.—Eastland 2006, no pet.); *see also City of Houston. v. Williams*, 216 S.W.3d 827, 829 (Tex. 2007) ("[I]n every suit against a governmental entity for money damages, a court must first determine the parties' contract or statutory rights; if the sole purpose of such a declaration is to obtain a money judgment, immunity is not waived [by the DJA].").

[32] *See* Document 1, ¶ 97.

Fisher v. City of Amarillo
Brief in Support

Claim Upon Which Relief Can be Granted be granted and this Court Dismiss Plaintiff's Original

Complaint with prejudice.

Dated:  April 10, 2020.

Respectfully submitted,
CITY OF AMARILLO
CITY ATTORNEY'S OFFICE
Post Office Box 1971
Amarillo, Texas 79105-1971
Telephone (806) 378-6067
Facsimile (806) 378-5262
bryan.mcwilliams@amarillo.gov
leslie.schmidt@amarillo.gov
marcus.norris@amarillo.gov

By:___/s Bryan McWilliams_____
      Bryan McWilliams
      State Bar No. 24049776
      Leslie Spear Schmidt
      State Bar No. 21202700
      Marcus W. Norris
      State Bar No. 15091300

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2020 a true, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic filing system of the Court and was served via e-filing on the following:

**Attorneys for Plaintiff**

Warren V. Norred
200 E. Abram St., Suite 300
Arlington, TX 76010

Darrell R. Carey
300 15th Street
Canyon, TX 79015-2827

/s Bryan McWilliams_____
Bryan Mc Williams

Fisher v. City of Amarillo
Brief in Support