**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| MIKE FISHER, | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| CITY OF AMARILLO, GINGER NELSON, for herself | § | |
| and as Mayor of CITY OF AMARILLO, ELAINE HAYS, | § | |
| EDDY SAUER, FREDA POWELL, HOWARD SMITH, | § | |
| AMARILLO NATIONAL BANK, WILLIAM WARE, | § | CIVIL ACTION |
| RICHARD WARE, II, PLAZA AMARILLO, LLC, STEP | § | NO. 2:20-CV-00064-Z–BR |
| VALUES, LLC, dba DUNKIN DONUTS, DUNKIN | § | |
| BRANDS, INC., FRESH BURGER, LLC dba BURGERFI, | § | |
| BURGER FI INT'L, LLC, EDIT CLEAN, LLC dba | § | |
| TIDE DRY CLEANERS, THE PROCTER & GAMBLE CO., | § | |
| FIVE S BUILDINGS, LLC, 45TH & SONCY, LLC, | § | |
|     *Defendants.* | § | |

## DEFENDANTS STEP VALUES, LLC D/B/A DUNKIN DONUTS, FRESH BURGER, LLC D/B/A BURGERFI, EDIT CLEAN LLC D/B/A TIDE DRY CLEANERS, FIVE S BUILDINGS, LLC, AND 45TH & SONCY, LLC'S MOTION AND BRIEF TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Respectfully submitted,

MATT D. MATZNER
Texas Bar No. 00797022
MORGAN DAY VAUGHAN
Texas Bar No. 24060769
CRENSHAW, DUPREE & MILAM, L.L.P.
Post Office Box 64479
Lubbock, Texas 79464
Telephone: (806) 762-5281
Facsimile: (806) 762-3510
mmatzner@cdmlaw.com
mvaughan@cdmlaw.com
***Counsel for Defendants Step Values, LLC d/b/a Dunkin Donuts, Fresh Burger, LLC d/b/a BurgerFi, Edit Clean LLC d/b/a Tide Dry Cleaners, Five S Buildings, LLC, and 45th & Soncy, LLC***

653772v.1

## TABLE OF CONTENTS

Table of Contents ...................................................................................................... ii

Table of Authorities ................................................................................................. iii

I.      Summary .......................................................................................................1

II.     Background ....................................................................................................2

III.    Standard of Review .......................................................................................4

IV.     The Plaintiff's Claims Relating to Section 1985 Conspiracy Must Be Dismissed ................6

V.      The Plaintiff's State Law Conspiracy Claims Must Be Dismissed ..................... 7

VI.     The Plaintiff's Claim for a Declaratory Judgment Must Be Dismissed ................9

VII.    The Plaintiff's Claim for Injunctive Relief Must Be Dismissed ...........................11

VIII.   The Plaintiff's Claim for Enforcement of Restrictive Covenants Must Be Dismissed ........14

IX.     The Plaintiff's Claims for Private Nuisance Must Be Dismissed .......................15

X.      The Plaintiff Lacks Standing to Bring a Claim for Public Nuisance ...................16

XI.     Plaintiff's Claims for Nuisance and Conspiracy are Barred by the Statute of Limitations .......17

XII.    This Court Should Decline to Exercise Supplemental Jurisdiction Over the State Law Claims .....20

Conclusion ...........................................................................................................21

Certificate of Service ............................................................................................23

653772v.1

## TABLE OF AUTHORITIES

**Page(s)**

<u>**Cases**</u>

*Agar Corp., Inc. v. Electro Circuits Int'l, LLC*,
   580 S.W.3d 136 (Tex. 2019) .......................................................................................... 2, 19

*Allstate Ins. Co. v. Receivable Fin. Co.*, L.L.C.,
   501 F.3d 398 (5th Cir. 2007) ................................................................................................ 5

*Alta Verde Indust., Inc.*,
   931 F.2d 1055 (5th Cir. 1991) ............................................................................................ 16

*Am. Equip. Co., Inc. v. Turner Bros. Crane & Rigging, LLC*,
   4:13-CV-2011, 2014 WL 3543720 (S.D. Tex. July 14, 2014) ........................................... 10

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937 (2009) ........................................................................ 4, 5, 6, 7

*Bank United v. Greenway Improv. Ass'n*,
   6 S.W.3d 705 (Tex. App.—Houston [1st Dist.] 1999, pet. denied ..................................... 14

*Bauer v. Tex.*,
   341 F.3d 352 (5th Cir. 2003) .............................................................................................. 11

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 127 S. Ct. 1955 (2007) ........................................................................ 4, 5, 7, 9

*Bell Helicopter Textron, Inc. v. Vector Aerospace USA, Inc.*,
   4:12-CV-034-Y, 2012 WL 12886425 (N.D. Tex. Sept. 12, 2012) ..................................... 10

*Berry v. Indianapolis Life Ins. Co.*,
   608 F. Supp. 2d 785 (N.D. Tex. 2009) ................................................................................. 9

*Blackburn v. City of Marshall*,
   42 F.3d 925 (5th Cir. 1995) ............................................................................................... 5, 7

*Camacho v. Tex. Workforce Comm'n*,
   445 F.3d 407 (5th Cir. 2006) .............................................................................................. 11

*Chambers v. Time Warner, Inc.*,
   282 F.3d 147 (2d Cir. 2002) ............................................................................................... 19

*City of San Antonio v. Pollock*,
   284 S.W.3d 809 (Tex. 2009) ............................................................................................... 17

*City of San Antonio v. Polluck,*
    155 S.W.3d 322 (Tex. App.—San Antonio 2004)................................................ 17

*Cong v. ConocoPhillips Co.,*
    250 F. Supp. 3d 229 (S.D. Tex. 2016) ............................................................... 16

*Cortec Indus., Inc. v. Sum Holding L.P.,*
    949 F.2d 42 (2d Cir. 1991) ................................................................................ 19

*Cox v. City of Dallas,*
    256 F.3d 281 (5th Cir. 2001) ............................................................................. 16

*Crosstex N. Tex. Pipeline, L.P. v. Gardiner,*
    505 S.W. 3d 580 (Tex. 2016)............................................................................. 15

*Crowe v. Henry,*
    43 F.3d 198 (5th Cir. 1995) ................................................................................. 4

*Cypress/Spanish Fort I, L.P. v. Prof'l Serv. Indus.,*
    814 F. Supp. 2d 698 (N.D. Tex. 2011) .............................................................. 10

*Deerfield Med. Ctr. v. Deerfield Beach,*
    661 F.2d 328 (5th Cir. 1981) ............................................................................. 13

*Encompass Office Sols., Inc. v. Connecticut Gen. Life Ins. Co.,*
    3:11-CV-02487-L, 2013 WL 1194392 (N.D. Tex. Mar. 25, 2013)................................. 5, 7

*Enochs v. Lampasas Cty.,*
    641 F.2d 155 (5th Cir. 2011) ............................................................................. 20

*Firestone Steel Products Co. v. Barajas,*
    927 S.W.2d 608 (Tex. 1996)............................................................................... 8

*Friends of Lydia Ann Channel v. Lydia Ann Channel Moorings, LLC,*
    2:19-CV-00148, 2020 WL 1434706 (S.D. Tex. Mar. 24, 2020) ........................ 16

*Garrett v. Commonwealth Mortg. Corp. of America,*
    938 F.2d 591 (5th Cir. 1991) ............................................................................... 5

*Gonzalez v. Kay,*
    577 F.3d 600 (5th Cir. 2009) ............................................................................... 4

*Griffin v. Breckenridge,*
    403 U.S. 88 (1971)......................................................................................... 1, 6

653772v.1

*Harris County Tex. v. MERSCORP Inc.*,
    791 F.3d 545 (5th Cir. 2015) ......................................................................... 10

*Hilliard v. Ferguson*,
    30 F.3d 649 (5th Cir. 1994) ............................................................................ 6

*Huggins Realty, Inc. v. FNC, Inc.*,
    634 F.3d 787 (5th Cir. 2011) .......................................................................... 4

*In re MCI Worldcom, Inc. Sec. Litig.*,
    191 F. Supp. 2d 778 (S.D. Miss. 2002)........................................................... 19

*Indian Beach Prop. Owners' Ass'n v. Linden*,
    222 S.W.3d 682 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ....................... 12

*Jamail v. Stoneledge Condo Owners Ass'n*,
    970 S.W. 3d 673 (Tex. App.—Austin 1998, no. pet.) ....................................... 16

*Jim Rutherford Invs., Inc. v. Terramar Beach Cmty. Ass'n*,
    25 S.W. 3d 845 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) .............. 12

*Jones v. Bush*,
    122 F. Supp. 2d 713 (N.D. Tex. 2000) ........................................................... 12

*Jones v. Houston Indep. Sch. Dist.*,
    979 F.2d 1004 (5th Cir. 1992) ....................................................................... 21

*Juhl v. Airington*,
    936 S.W.2d 640 (Tex. 1996)............................................................................ 9

*Kroger Co. v. Elwood*,
    197 S.W.3d 793 (Tex. 2006)........................................................................... 15

*Landscape Design and Constr., Inc. v. Transport Leasing/Contract, Inc.*,
    No. 3:00-CV-906–D, 2002 WL 257573 (N.D. Tex. Feb. 19, 2002)............................ 10, 11

*Liberty Mutual v. Hisaw & Assocs. Gen. Contractors*,
    No. 3:09-CV-867, 2010 WL 4340692 (N.D. Tex. Oct. 25, 2010)....................... 10

*LMV-AL Ventures, LLC v. Lakeway Overlook, LLC*,
    A-17-CA-272-SS, 2017 WL 2371248 (W.D. Tex. May 30, 2017) .............................. 13, 15

*Lovelace v. Software Spectrum Inc.*,
    78 F.3d 1015 (5th Cir. 1996) .......................................................................... 4

*Lynch v. Cannatella,*
  810 F.2d 1363 (5th Cir. 1987) ................................................................ 9

*Madry v. Fina Oil & Chemical Co.,*
  No. 94–10509, 1994 WL 733494 (5th Cir. 1994)................................... 10

*Massey v. Armco Steel Co.,*
  652 S.W. 2d 932 (Tex. 1983)................................................................... 8

*May v. City of Arlington, Tex.,*
  398 F. Supp. 3d 68 (N.D. Tex. 2019) ................................................ 5, 6

*Merritt Hawkins & Associates, L.L.C. v. Gresham,*
  861 F.3d 143 (5th Cir. 2017) ........................................................... 12, 13

*Milkie v. Extreme Networks, Inc.,*
  Civ.A. 3:03-CV-1355P, 2004 WL 690844 (N.D. Tex. Mar. 30, 2004)............................. 19

*Miller v. CitiMortgage, Inc.,*
  970 F. Supp. 2d 568 (N.D. Tex. 2013) ........................................... 9, 10

*Miss. Power & Light Co. v. United Gas Pipe Line Co.,*
  760 F.2d 618 (5th Cir. 1985) .................................................................. 12

*Pilarcik v. Emmons,*
  966 S.W.2d 474 (Tex. 1998)................................................................... 14

*Reed v. LKQ Corp.,*
  3:14-CV-4412-L, 2020 WL 487496 (N.D. Tex. Jan. 30, 2020) ........................... 12, 13, 15

*Richardson Carbon & Gasoline Co. v. Interenergy Res. Ltd.,*
  99 F.3d 746 (5th Cir. 1996) ..................................................................... 9

*Roe v. Abortion Abolition Soc.,*
  811 F.2d 931 (5th Cir. 1987) ............................................................... 1, 6

*Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.,*
  435 S.W. 2d 854 (Tex. 1968).................................................................... 8

*Stout v. Gremillion,*
  1:18-CV-654-LY-SH, 2019 WL 4261122 (W.D. Tex. Sept. 6, 2019) ................................ 9

*Sullivan v. Leor Energy, LLC,*
  600 F.3d 542 (5th Cir. 2010) ................................................................... 4

653772v.1

*Thompson v. Bank of America, N.A.,*
   13 F. Supp. 3d 636 (N.D. Tex. 2014) ............................................................... 9, 10

*Tilton v. Marshall,*
   925 S.W.2d 672 (Tex.1996) ............................................................................... 5, 7

*Triplex Communications, Inc. v. Riley,*
   900 S.W. 2d 716 (Tex. 1995) ................................................................................. 8

*United Brotherhood of Carpenters, Local 610 v. Scott,*
   463 U.S. 825 (1983) ........................................................................................... 1, 6

*Utica Lloyd's of Tex. v. Mitchell,*
   138 F.3d 208 (5th Cir. 1998) ............................................................................... 11

*Verdin v. Fed. Nat'l Morg. Ass'n,*
   540 Fed. App'x 253 (5th Cir. 2013) ................................................................... 10

*White v. Carlucci,*
   862 F.2d 1209 (5th Cir.1989) .............................................................................. 12

*Willbros RPI, Inc. v. Cont'l Cas. Co., Inc.*, CV H-07-2479,
   2011 WL 13272530 (S.D. Tex. Feb. 24, 2011) ................................................... 11

## **Statutes**

28 U.S.C. § 1367(c) ................................................................................................ 20

42 U.S.C. § 1983 ...................................................................................................... 1

42 U.S.C. § 1985 ............................................................................................... 1, 6, 7

TEX. CIV. PRAC. & REM. CODE § 16.003 ...................................................... 2, 17, 18

TEX. CIV. PRAC. & REM. CODE § 37.009 ............................................................... 11

## **Rules**

FED. R. CIV. P. 12(b)(6) ............................................................................. 1, 4, 5, 21

**DEFENDANTS' MOTION AND BRIEF TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE, MATTHEW J. KACSMARYK:

COME NOW Defendants Step Values, LLC d/b/a Dunkin Donuts, Fresh Burger, LLC d/b/a BurgerFi, Edit Clean LLC d/b/a Tide Dry Cleaners, Five S Buildings, LLC, and 45th & Soncy, LLC and file their Motion and Brief to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support thereof would show the Court as follows:

## I.
### SUMMARY

Plaintiff Mike Fisher has brought this frivolous lawsuit based on unproven speculative allegations of a vast conspiracy against numerous Defendants. The Plaintiff asserts causes of action under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 despite the fact that the majority of the claims asserted are state-law claims. The Plaintiff's allegations of a conspiracy are fantastical and far reaching. The allegations involve councilmembers who were not even elected at the time of the alleged wrongful conduct, allegations about "legal means" of bribery, and claims of questionable charitable donations.

The Plaintiff's attempt to invoke jurisdiction through 42 U.S.C. § 1985 fails because he does not plead that the alleged defendant-conspirators were "motivated by a class-based, invidious discriminatory animus." *See Roe v. Abortion Abolition Soc.*, 811 F.2d 931, 933 (5th Cir. 1987) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)); *United Brotherhood of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 835 (1983). There is no class-based invidious discriminatory animus alleged. Because this is not alleged, the § 1985 claim must be dismissed.

Beyond the conspiracy claim asserted under 42 U.S.C. § 1985 and the § 1983 claim asserted against the City of Amarillo, the Plaintiff makes other various state law based claims: declaratory

Defendants Step Values, LLC d/b/a Dunkin Donuts, Fresh Burger, LLC d/b/a BurgerFi,
Edit Clean LLC d/b/a Tide Dry Cleaners, Five S Buildings, LLC, and 45th & Soncy, LLC's
Motion and Brief to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)          Page 1
653772v.1

judgment under Texas law, a claim for the enforcement of a restrictive covenant, for private nuisance, public nuisance by way of governmental taking, a claim for injunctive relief, a state law conspiracy claim, and the Plaintiff seeks exemplary damages for these alleged causes of action.

Because the Plaintiff has merely cited to statutes and named causes of action without complying with the requisite pleading standards for making federal court claims, the claims asserted must be dismissed.  Additionally, this suit must be dismissed because the Plaintiff filed this lawsuit after the expiration of the applicable Texas Statute of Limitations for nuisance claims pursuant to Texas Civil Practice and Remedies Code § 16.003.  The Plaintiff has alleged that, "the result of the cooperation between all these government officials and a favored civic actor is an unhealthy, noisy, and smelly backyard constituting a nuisance to the plaintiff and a detriment to home values."  *See* Doc. 1, Pl.'s Compl. at ¶ 64.  In Texas an action for conspiracy shares the statute of limitations with the underlying tort. *Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 142 (Tex. 2019), reh'g denied (Sept. 6, 2019).  Consequently, the Plaintiff filed this lawsuit after the expiration of his deadline to file an action for conspiracy based on nuisance.

## II.
### BACKGROUND

The Plaintiff filed this Complaint on March 14, 2020 alleging a broad array of causes of action against numerous Defendants.  The Plaintiff makes two main sets of allegations.  The first is that the City of Amarillo, and various other government actor Defendants have failed to exercise their enforcement power against other Defendants. *See* Pl.'s Comp. at ¶ 43.  Secondly, the Plaintiff alleges that his home located at 4410 Van Kriston Dr. in Amarillo, Texas has lost value due to its proximity to businesses owned and operated by Step Values, LLC d/b/a Dunkin Donuts, Fresh Burger, LLC d/b/a BurgerFi, Edit Clean LLC d/b/a Tide Dry Cleaners, Five S Buildings, LLC,

Defendants Step Values, LLC d/b/a Dunkin Donuts, Fresh Burger, LLC d/b/a BurgerFi,
Edit Clean LLC d/b/a Tide Dry Cleaners, Five S Buildings, LLC, and 45th & Soncy, LLC's
Motion and Brief to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)                    Page 2
653772v.1

and 45th & Soncy, LLC (the "Franchise Defendants"). *See* Pl.'s Comp. at ¶ 40. As stated above, the Plaintiff alleges the Defendants, through in-action, have together created a nuisance. *See* Pl.'s Compl. at ¶ 64.

The Plaintiff alleges that he bought the home located at 4410 Van Kriston Dr., Amarillo in June 2012. *See* Pl.'s Comp. at ¶ 34. As properly pointed out by the City of Amarillo, the Plaintiff's home boundary is adjacent to the immediate south by S.W. 45th Street, a main artery of Amarillo, and is in close proximity to the intersection of S.W. 45th Street and Soncy Road, another main thoroughfare across the City of Amarillo. *See* the City's Appendix in support of their Motion to Dismiss, Doc. 15-1 at APPX. 7. As properly stated by the City of Amarillo, the Franchise Defendants operate their businesses on Lot 12 Block 45 of the Sleepy Hollow Subdivision. *See* City of Amarillo's Motion to Dismiss, Doc. 15 at ¶¶ 5-6. This property was zoned for General Retail in 1993. *See* City of Amarillo's Motion to Dismiss, Doc. 15 at ¶¶ 5-6; *See* App. In Support at APPX. 1-6. The Franchise Defendants have operated their businesses lawfully and consistent with the zoning ordinances of the City of Amarillo and the general retail designation on Lot 12. The Plaintiff alleges that commercial development began on Lot 12 in mid-2016. *See* Pl.'s Compl. at ¶¶ 36-37. The City Council Defendants named by the Plaintiff as being alleged "conspirators" in this case were not elected to office until May 2017.[1] This lawsuit is the third lawsuit filed by the Plaintiff, and/or Ms. Smith, against the City of Amarillo.[2]

---

[1] City of Amarillo Website, https://www.amarillo.gov/city-hall/city-government/mayor-council-members (last visited May 9, 2020).
[2] *See Claudette Smith and Michael Fisher, v. Ginger Nelson, In Her Official Capacity As Mayor of The City of Amarillo, and Howard Smith, Eddy Sauer, Freda Powell, And Elaine Hays, In Their Official Capacities As Members of The City of Amarillo City Council*, Cause No. 107298-B-CV in the 181st District Court of Potter County; *Claudette Smith v. City of Amarillo and Amarillo Economic Development Corporation*, Cause No. 107632-C-CV in the 251st District Court of Potter County; *Chris Connealy, Texas State Fire Marshal, v. Michael C. Fisher, Nanna A. Fisher, Chainsaw Massacre Haunted House*, Cause No. 70899C in the 251st District Court of Randall County (Counter Claims asserted against the Texas State Fire Marshal).

Defendants Step Values, LLC d/b/a Dunkin Donuts, Fresh Burger, LLC d/b/a BurgerFi,
Edit Clean LLC d/b/a Tide Dry Cleaners, Five S Buildings, LLC, and 45th & Soncy, LLC's
Motion and Brief to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)          Page 3
653772v.1

# III.
## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a suit where a plaintiff has failed to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). A motion to dismiss for failure to state a claim admits the facts alleged in the complaint but challenges the plaintiff's right to any relief based on those facts. *See Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995). In reviewing a motion to dismiss, a court must consider the plaintiff's complaint, accepting all well-pleaded facts as true and viewing those facts in a light most favorable to the plaintiff. *See Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). In deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. *See Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1505 (2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50 (2009)). "A claim for relief is plausible on its face when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (citing and quoting *Iqbal*, 556 U.S. at 678) (internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *See Gonzalez*, 577 F.3d at 603 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)). Although detailed factual allegations are not required to avoid dismissal under Rule 12(b)(6), a plaintiff must provide more than "bare assertions" and "conclusory" allegations that

Defendants Step Values, LLC d/b/a Dunkin Donuts, Fresh Burger, LLC d/b/a BurgerFi,
Edit Clean LLC d/b/a Tide Dry Cleaners, Five S Buildings, LLC, and 45th & Soncy, LLC's
Motion and Brief to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)          Page 4
653772v.1

are nothing more than a "formulaic recitation of the elements of a cause of action." *See Iqbal*, 556 U.S. at 681 (citing *Twombly*, 550 U.S. at 554-55). While well-pleaded facts of a complaint are to be accepted as true, a plaintiff's conclusory allegations and legal conclusions are not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 678-79 (citation omitted); *Encompass Office Sols., Inc. v. Connecticut Gen. Life Ins. Co.*, 3:11-CV-02487-L, 2013 WL 1194392, *4 (N.D. Tex. Mar. 25, 2013) (citing *Iqbal*, 556 U.S. at 681).

Dismissal is warranted "if the complaint lacks an allegation regarding a required element necessary to obtain relief." *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Furthermore, a dismissal under Rule 12(b)(6) is proper when "an affirmative defense or other bar to relief appears on the face of the complaint." *See Garrett v. Commonwealth Mortg. Corp. of America*, 938 F.2d 591, 594 (5th Cir. 1991). In this case the Plaintiff has merely recited elements of causes of action and made vague and conclusory allegations of a conspiracy without sufficient allegations of the derivative tort of nuisance. It is necessary to plead both the conspiracy and the underlying derivative tort to properly plead a conspiracy claim against the Defendants. *Allstate Ins. Co. v. Receivable Fin. Co.*, L.L.C., 501 F.3d 398, 414 (5th Cir. 2007) (citing *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex.1996)). In addition to improperly pleading a conspiracy cause of action the Plaintiff has alleged numerous other state-law causes of action for nuisance, enforcement of deed restrictions, declaratory judgment, and injunctive relief. All of these state-law claims and the litany of outlandish allegations that purport to support them have been insufficiently plead. The factual allegations of a complaint "must be enough to raise a right to relief above the speculative level….[w]hen the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief."

*May v. City of Arlington, Tex.*, 398 F. Supp. 3d 68, 76 (N.D. Tex. 2019), supplemented, 3:16-CV-1674-L, 2019 WL 1429662 (N.D. Tex. Mar. 28, 2019) (quoting *Iqbal*, 556 U.S. at 679).

## IV.
### THE PLAINTIFF'S CLAIMS RELATING TO
### SECTION 1985 CONSPIRACY MUST BE DISMISSED

The Plaintiff's civil conspiracy claim asserted pursuant to 42 U.S.C. § 1985 must be dismissed.  The Fifth Circuit has explained what is required to properly state a claim under 42 U.S.C. § 1985.

> To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. In so doing, the plaintiff must show that the conspiracy was motivated by a class-based animus.

*See Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir. 1994) (footnotes omitted).

The Plaintiff's § 1985 must be dismissed because he does not meet the required elements. He does not allege that the alleged defendant-conspirators were "motivated by a class-based, invidious discriminatory animus."  *See Roe v. Abortion Abolition Soc.*, 811 F.2d 931, 933 (5th Cir. 1987) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)); *United Brotherhood of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 835 (1983).  He does not even identify a class. Additionally, he does not articulate what the conspiracy actually involves other than the cooperation of Defendants to create a nuisance against his property. *See* Pl.'s Compl. at ¶ 64.  The Defendants and this Court are left to infer that the alleged conspiratorial acts relate to the Plaintiff's allegations that the City of Amarillo has "failed to enforce" certain regulations against the businesses operated by the Franchise Defendants and other government actors have enforced

Defendants Step Values, LLC d/b/a Dunkin Donuts, Fresh Burger, LLC d/b/a BurgerFi,
Edit Clean LLC d/b/a Tide Dry Cleaners, Five S Buildings, LLC, and 45th & Soncy, LLC's
Motion and Brief to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)                Page 6
653772v.1

regulations against him.   These allegations are devoid of involvement by the Franchise Defendants.

The Plaintiff's Complaint simply has conclusory allegations which are insufficient to meet the *Iqbal/Twombly* pleading standard.   A plaintiff must provide more than "bare assertions" and "conclusory" allegations that are nothing more than a "formulaic recitation of the elements of a cause of action."   *See Iqbal*, 556 U.S. at 681 (citing *Twombly*, 550 U.S. at 554-55).   Additionally, a plaintiff's conclusory allegations and legal conclusions are not entitled to the assumption of truth.   *See Iqbal*, 556 U.S. at 678-79 (citation omitted); *Encompass Office Solutions, Inc. v. Connecticut Gen. Life Ins. Co.*, 3:11-CV-02487-L, 2013 WL 1194392, *4 (N.D. Tex. Mar. 25, 2013) (citing *Iqbal* at 556 at 681).   Dismissal is warranted "if the complaint lacks an allegation regarding a required element necessary to obtain relief."   *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).   Therefore, the Plaintiff's § 1985 claim must be dismissed.

## V.
### THE PLAINTIFF'S STATE LAW CONSPIRACY CLAIMS MUST BE DISMISSED

The Plaintiff's pleadings of a state law conspiracy claim include reciting the elements of a conspiracy in ¶¶ 74-77 of the Plaintiff's Original Complaint, and making broad bare assertions that "all of the defendants named in this suit should be liable for damages," without a description of the unlawful purpose, or unlawful means that the Defendants intentionally knew they were engaging in so that they could accomplish a derivative tort.   Without specific identification of the conduct of each individual Defendant this state law conspiracy claim must be dismissed.

Under Texas law, a defendant's liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold a defendant liable.   *Tilton v. Marshall*, 925

Defendants Step Values, LLC d/b/a Dunkin Donuts, Fresh Burger, LLC d/b/a BurgerFi,
Edit Clean LLC d/b/a Tide Dry Cleaners, Five S Buildings, LLC, and 45th & Soncy, LLC's
Motion and Brief to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)          Page 7
653772v.1

S.W.2d 672, 680–81 (Tex. 1996).   The Texas Supreme Court has set forth five essential elements of a conspiracy claim.  *Massey v. Armco Steel Co*., 652 S.W. 2d 932, 934 (Tex. 1983).   The essential elements are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result.  *Id*.  Courts have consistently held that for liability to attach in the context of civil conspiracy there must be an overt act.  *Firestone Steel Products Co. v. Barajas*, 927 S.W.2d 608, 614 (Tex. 1996) (citing to *Triplex Communications, Inc. v. Riley*, 900 S.W. 2d 716, 719 (Tex. 1995)).  The Supreme Court of Texas has held that civil conspiracy requires intent and awareness on the part of the conspirators of the harm or the wrongful conduct at the beginning of the combination or agreement.  *Id*.  An alleged conspirator cannot agree to commit a wrong about which he has no knowledge.  *Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp*., 435 S.W. 2d 854, 856 (Tex. 1968).  Allegations about any overt acts or intent are absent from the Plaintiff's Complaint.  Instead, there are allegations regarding inaction, which are insufficient to plead a cause of action for conspiracy.

In this case the Plaintiff has failed to properly plead the requisite facts and intent of the alleged conspirators to even plausibly plead a claim for civil conspiracy based on state law.  The basic allegations of the Plaintiff is that there has been too little and/or too much regulation exercised by the City of Amarillo and other unnamed governmental entities.[3]  This is insufficient upon which to plead a claim for civil conspiracy.  Although the Plaintiff has sued numerous Defendants, he has not alleged an objective that the Defendants intended to accomplish together, a meeting of the minds between the Defendants on an object or course of action, and has failed to

---

[3] Many of the enforcement actions complained of by the Plaintiff were carried out by officers of Randall County, an entity not named in this suit.  *See* Pl.'s Compl. at ¶¶ 48-49.

Defendants Step Values, LLC d/b/a Dunkin Donuts, Fresh Burger, LLC d/b/a BurgerFi,
Edit Clean LLC d/b/a Tide Dry Cleaners, Five S Buildings, LLC, and 45th & Soncy, LLC's
Motion and Brief to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)                    Page 8
653772v.1

identify one or more unlawful, overt acts. In Texas, because conspiracy requires specific intent, one cannot agree or conspire to be negligent. *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 793 (N.D. Tex. 2009) (citing to *Juhl v. Airington,* 936 S.W.2d 640, 644 (Tex. 1996)).

Under the pleading set forth in *Twombly*, 550 U.S. at 555, because the claims are not conceivable, must less plausible, the state law conspiracy claim must be dismissed. *Twombly*, 550 U.S. at 556–57 (holding that lawful parallel conduct does not suggest conspiracy and a bare assertion of conspiracy will not suffice to plead a conspiracy claim). "Bald assertions that a conspiracy existed are insufficient." *Lynch v. Cannatella*, 810 F.2d 1363, 1370 (5th Cir. 1987).

## VI.
### THE PLAINTIFF'S CLAIM FOR A DECLARATORY JUDGMENT MUST BE DISMISSED

The Plaintiff seeks two declaratory judgments, one that "the franchise defendants have violated enforceable restrictive covenants," and one that "the actions of the City of Amarillo constitute a violation of rights…." *See* Pl.'s Comp. at ¶¶ 82-85, 100. The Plaintiff seeks this declaratory relief under the Texas Declaratory Judgment Act ("TDJA"); however, federal courts cannot award relief pursuant to the TDJA, but rather must award relief under the Federal Declaratory Judgment Act ("FDJA"). *Thompson v. Bank of America, N.A.*, 13 F. Supp. 3d 636, 660 (N.D. Tex. 2014), *aff'd sub nom*. *Thompson v. Bank of Am. Nat. Ass'n*, 783 F.3d 1022 (5th Cir. 2015). This is because declaratory judgements are procedural, not substantive, and federal courts apply their own procedural rules. *Miller v. CitiMortgage, Inc.,* 970 F. Supp. 2d 568, 591 (N.D. Tex. 2013); *Richardson Carbon & Gasoline Co. v. Interenergy Res. Ltd.*, 99 F.3d 746, 752 n. 3 (5th Cir. 1996) (holding the FDJA does not create any substantive rights or causes of action). The Plaintiff's claims under the TDJA will be converted to FDJA act claim in federal court. *Stout v. Gremillion*, 1:18-CV-654-LY-SH, 2019 WL 4261122, at *9 (W.D. Tex. Sept. 6, 2019), report

Defendants Step Values, LLC d/b/a Dunkin Donuts, Fresh Burger, LLC d/b/a BurgerFi,
Edit Clean LLC d/b/a Tide Dry Cleaners, Five S Buildings, LLC, and 45th & Soncy, LLC's
Motion and Brief to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)          Page 9
653772v.1

and recommendation adopted, 2019 WL 5149861 (W.D. Tex. Sept. 30, 2019) (holding that even in federal question cases the TDJA is procedural and federal courts apply federal law instead).

Because a request for a declaratory judgment is a request for relief it fails without an underlying, viable, substantive cause of action. *Thompson*, 13 F. Supp. 3d at 600; *Miller*, 970 F. Supp. 2d at 591.  Because the Plaintiff has not plead a viable underlying substantive legal claim in this case his request for declaratory relief should also fail. *Id*.; *Verdin v. Fed. Nat'l Morg. Ass'n*, 540 Fed. App'x 253, 257 n. 4 (5th Cir. 2013); *Harris County Tex. v. MERSCORP Inc.*, 791 F.3d 545, 552–53 (5th Cir. 2015).

Assuming there is some basis for an underlying cause of action, the Plaintiff's request for declaratory judgment adds nothing to an existing lawsuit and, therefore, must be dismissed. *See Madry v. Fina Oil & Chemical Co.,* No. 94–10509, 1994 WL 733494, at *2 (5th Cir. 1994) (reversing award of declaratory relief where "[t]he declaratory judgment does not declare any significant rights not already at issue in the contract dispute."); *Landscape Design and Constr., Inc. v. Transport Leasing/Contract, Inc.,* No. 3:00–cv–906–D, 2002 WL 257573, at *10 (N.D. Tex. Feb. 19, 2002) (dismissing declaratory judgment action as redundant where contract interpretation issue would be resolved as part of breach of contract action); *Liberty Mutual v. Hisaw & Assocs. Gen. Contractors,* No. 3:09–cv–867, 2010 WL 4340692, at *12 (N.D. Tex. Oct. 25, 2010); *Am. Equip. Co., Inc. v. Turner Bros. Crane & Rigging, LLC*, 4:13-CV-2011, 2014 WL 3543720, at *5 (S.D. Tex. July 14, 2014).  Because the resolution of the civil rights claim in this case will resolve the claims for which the Plaintiff seeks his declaratory judgment, the request for declaratory judgment is redundant, duplicative, and unnecessary. *Cypress/Spanish Fort I, L.P. v. Prof'l Serv. Indus.*, 814 F. Supp. 2d 698, 710 (N.D. Tex. 2011); *Bell Helicopter Textron, Inc. v. Vector Aerospace USA, Inc.*, 4:12-CV-034-Y, 2012 WL 12886425, at *5 (N.D. Tex. Sept. 12,

Defendants Step Values, LLC d/b/a Dunkin Donuts, Fresh Burger, LLC d/b/a BurgerFi,
Edit Clean LLC d/b/a Tide Dry Cleaners, Five S Buildings, LLC, and 45th & Soncy, LLC's
Motion and Brief to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)          Page 10
653772v.1

2012) (Means, J.) (citing *Landscape Design & Constr., Inc. v. Transport Leasing/Contract, Inc.*, No. 3:00–CV–0906–D, 2002 WL 257573, at *10 (N.D. Tex. Feb. 19, 2002) (Fitzwater, J.)).

Plaintiff's request for attorneys' fees is likewise invalid. While the Plaintiff seeks fees under Texas Civil Practice and Remedies Code § 37.009, as explained above the Texas Declaratory Judgment Act does not apply in federal court, so the Plaintiff's claim must be construed under the Federal Declaratory Judgment Act, ("FDJA") which does not provide for attorney's fees. *Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407, 409-410 (5th Cir. 2006). Attorneys' fees are not recoverable under the FDJA. *Willbros RPI, Inc. v. Cont'l Cas. Co., Inc.*, CV H-07-2479, 2011 WL 13272530, at *7 (S.D. Tex. Feb. 24, 2011), aff'd sub nom. *Willbros RPI, Inc. v. Cont'l Cas. Co.*, 453 Fed. App'x 488 (5th Cir. 2011) (citing *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998)).

## VII.
### THE PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF MUST BE DISMISSED

Because the Plaintiff has not stated a claim for which he can seek a valid judgment, his request for relief for injunctive relief also fails and does not properly state a claim. Without a plausible claim upon which relief may be granted, dismissal is also proper on Plaintiff's request for injunctive relief. *Bauer v. Tex.*, 341 F.3d 352, 358 (5th Cir. 2003). The Plaintiff seeks a permanent injunction requiring the Defendants to comply with Sleepy Hollow subdivision's restrictive covenants, and "all local, state, and federal laws, and regulations." *See* Pl.'s Compl. at ¶ 108. Additionally, the Plaintiff seeks a permanent injunction against Franchise Defendants to "prevent them from further violations of the restrictive covenants."

To obtain an injunction the Plaintiff must show that there is a (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the

Defendants Step Values, LLC d/b/a Dunkin Donuts, Fresh Burger, LLC d/b/a BurgerFi,
Edit Clean LLC d/b/a Tide Dry Cleaners, Five S Buildings, LLC, and 45th & Soncy, LLC's
Motion and Brief to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)          Page 11
653772v.1

injunction is not granted; (3) that the threatened injury outweighs the threatened harm the injunction may do to defendants; and (4) that granting the preliminary injunction will not disserve the public interest. *E.g., Jones v. Bush,* 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (Fitzwater, J.), *aff'd,* 244 F.3d 134 (5th Cir. 2000) (per curiam) (unpublished table decision). The Plaintiff must satisfy all four requirements. "A preliminary injunction 'is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion.'" *Id.* (quoting *White v. Carlucci,* 862 F.2d 1209, 1211 (5th Cir.1989)). "The decision to grant a preliminary injunction 'is to be treated as the exception rather than the rule.'" *Id.* (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.,* 760 F.2d 618, 621 (5th Cir. 1985) (stating that movant must "clearly carr[y] the burden of persuasion")).

The Plaintiff argues that he is exempted from complying with these provisions because he is seeking to enforce a restrictive covenant and therefore must only show "that the defendant intends to breach the restrictive covenant." For support of this proposition the Plaintiff cites to *Jim Rutherford Invs., Inc. v. Terramar Beach Cmty. Ass'n*, 25 S.W. 3d 845, 849 (Tex. App.—Houston [14th Dist.] 2000, pet. denied); however, later courts have clarified that the showing of intent to breach a restrictive covenant factor described in the *Terramar Beach* case merely relates to the existence of a wrongful act, the first of the traditional injunction factors: 1) existence of a wrongful act, 2) the existence of imminent harm; the existence of irreparable injury; and 4) the absence of adequate remedy at law. *Indian Beach Prop. Owners' Ass'n v. Linden*, 222 S.W.3d 682, 690 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (holding a party must demonstrate a wrongful act by demonstrating the enforceability of the deed restriction in order to be granted an injunction). It is not to be used in place of the other traditional injunctive relief factors. *Id.*; *Merritt Hawkins & Associates, L.L.C. v. Gresham*, 861 F.3d 143, 157–58 (5th Cir. 2017); *Reed v. LKQ*

---

Defendants Step Values, LLC d/b/a Dunkin Donuts, Fresh Burger, LLC d/b/a BurgerFi,
Edit Clean LLC d/b/a Tide Dry Cleaners, Five S Buildings, LLC, and 45th & Soncy, LLC's
Motion and Brief to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)            Page 12
653772v.1

*Corp.*, 3:14-CV-4412-L, 2020 WL 487496, at *24 n. 12 (N.D. Tex. Jan. 30, 2020) (applying the traditional injunctive factors in an nuisance action between a residential home owner and a neighboring industrial facility); *see also LMV-AL Ventures, LLC v. Lakeway Overlook, LLC*, A-17-CA-272-SS, 2017 WL 2371248, at *5 (W.D. Tex. May 30, 2017) .

According to the Plaintiff's own pleadings he moved next to the general retail property in 2012 (Doc. 1, Pl.'s Compl. at ¶ 36), almost nine years after it was zoned as general retail property by the City of Amarillo (Def. City of Amarillo's Motion to Dismiss at ¶ 5), and has lived next to the businesses since 2016 (Doc. 1, Pl.'s Compl. at ¶ 37).   The Plaintiff makes the conclusory statement that his home value has decreased since the construction of the franchise businesses. *See* Doc. 1, Pl.'s Compl. at ¶ 8.

All of these pleadings demonstrate that, even if construed in a manner favorable to the Plaintiff, the operation of the businesses by the Franchise Defendants does not threaten the Plaintiff with "imminent harm." The allegations of the Plaintiff further demonstrate that unlike the Franchise Defendants, who have not been cited for violations of the law, the Plaintiff has (*See* Pl.'s Compl. at ¶¶ 43, 46-50).  The allegations of the Plaintiff demonstrate that he has brought his allegations against the Franchise Defendants to those City officials with responsibility for solving and adjudicating his claims and these City officials have found no violations as described by the Plaintiff.  *See* Pl.'s Compl. at ¶¶ 43, 46-50.

These statements further demonstrate that the Plaintiff has failed to meet his burden to state a proper claim for injunctive relief and indicate that he is not likely to prevail on the merits of his claim.  Moreover, the Plaintiff has failed to plead that he suffered an injury of the kind that monetary compensation would not address. *Deerfield Med. Ctr. v. Deerfield Beach*, 661 F.2d 328,

Defendants Step Values, LLC d/b/a Dunkin Donuts, Fresh Burger, LLC d/b/a BurgerFi,
Edit Clean LLC d/b/a Tide Dry Cleaners, Five S Buildings, LLC, and 45th & Soncy, LLC's
Motion and Brief to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)                    Page 13
653772v.1

338 (5th Cir. 1981).  As pleaded, the claims of the Plaintiff seeking injunctive relief are not those upon which relief can be granted.

## VIII.
### THE PLAINTIFF'S CLAIM FOR
### ENFORCEMENT OF RESTRICTIVE COVENANTS MUST BE DISMISSED

The Plaintiff makes a state law claim to enforce a restrictive covenant which consists of bare allegations that the owner of the property upon which the Franchise Defendants operate "violated the covenants that burden the property by approving signage and allowing businesses to open which …were always going to require more signage than allowed and violate the covenants, which are enforced as contracts." *See* Pl.'s Comp. at ¶ 87.  The Plaintiff fails to allege how he has a right to enforce the restrictive covenants, that the covenants are enforceable, and how the covenants have been specifically violated.  The Plaintiff only attached a copy of the Covenants and Restrictions of the Sleepy Hollow Addition to the City of Amarillo, Randall County.  This attachment Exhibit A clearly allows the use of Lot 12, the lot that the Franchise Defendants businesses operate on, to be "used for commercial or other use."

The Plaintiff has failed to allege how the commercial businesses on Lot 12 violate the restrictive covenants by operating as commercial businesses as explicitly authorized.  As admitted by the Plaintiff, the City of Amarillo has not cited the Franchise Defendants with any violations of law.  *See* Pl.'s Compl. at ¶¶ 43, 46-50.  Courts construe restrictive covenants under the general rules of contract construction. *Pilarcik v. Emmons*, 966 S.W.2d 474, 478 (Tex. 1998); *Bank United v. Greenway Improv. Ass'n*, 6 S.W.3d 705, 707 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).  The primary duty of a court in construing a restrictive covenant is to ascertain the drafter's intent from the instruments language. *Bank United*, 6 S.W.3d at 708.  Courts look at the covenant as a whole in light of the circumstances present when the covenant was made. *LMV-AL Ventures,*

---

Defendants Step Values, LLC d/b/a Dunkin Donuts, Fresh Burger, LLC d/b/a BurgerFi,
Edit Clean LLC d/b/a Tide Dry Cleaners, Five S Buildings, LLC, and 45th & Soncy, LLC's
Motion and Brief to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)                    Page 14
653772v.1

*LLC v. Lakeway Overlook, LLC*, A-17-CA-272-SS, 2017 WL 2371248, at *5 (W.D. Tex. May 30, 2017).  Without facts demonstrating his standing to enforce the covenants, the applicability of the covenants to Lot 12, and the applicability of these restrictive covenants to the violations alleged this claim should be dismissed.

## IX.
### THE PLAINTIFF'S CLAIMS FOR
### PRIVATE NUISANCE MUST BE DISMISSED

The Plaintiff's claims for private nuisance must be dismissed because the Plaintiff has failed to properly plead a claim for private nuisance under Texas law as set forth in *Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W. 3d 580, 587 (Tex. 2016).  Under *Crosstex N. Tex. Pipeline*, a party seeking to assert a private nuisance cause of action must plead facts demonstrating one of the three classifications of nuisance in Texas (intentional, negligent, and/or strict-liability). *Id.*, at 602, 604-09.  The plaintiff fails to allege the requisite elements to properly plead this cause of action and instead pleads two paragraphs that makes the single conclusory allegation, "the conditions described herein constitute a private nuisance which violates the exceptions that every normal person would have who occupies the Plaintiff's land."  *See* Pl.'s Original Compl. Doc. 1 at ¶ 89.

The Plaintiff then seeks damages against the Franchise Defendants for "their pattern of ignoring the dead [sic] restrictions on their property." *See* Pl.'s Original Compl. Doc. 1 at ¶ 90. The Plaintiff's allegations about violations of deed restrictions do not meet the requisite standards for pleading a private nuisance claim under Texas law.  *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006) (liability cannot be imposed if no duty exists); *Reed v. LKQ Corp.*, 2020 WL 487496 ("the law does not concern itself with trifles, or seek to remedy all of the petty annoyances

Defendants Step Values, LLC d/b/a Dunkin Donuts, Fresh Burger, LLC d/b/a BurgerFi,
Edit Clean LLC d/b/a Tide Dry Cleaners, Five S Buildings, LLC, and 45th & Soncy, LLC's
Motion and Brief to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)          Page 15
653772v.1

and disturbances of everyday life in a civilized community even from conduct committed with knowledge that annoyance and inconvenience will result.")).

## X.
### THE PLAINTIFF LACKS STANDING
### TO BRING A CLAIM FOR PUBLIC NUISANCE

In order to have standing to enjoin a public nuisance, the plaintiff must either: (1) have the right to recover damages; (2) have authority as a public official or public agency representing the state or political subdivision; or (3) have standing to sue as a representative of the general public. *Friends of Lydia Ann Channel v. Lydia Ann Channel Moorings, LLC*, 2:19-CV-00148, 2020 WL 1434706, at *10 (S.D. Tex. Mar. 24, 2020) (citing to *Car v. Alta Verde Indust., Inc*., 931 F.2d 1055 (5th Cir. 1991)); *see also Cong v. ConocoPhillips Co*., 250 F. Supp. 3d 229, 233 (S.D. Tex. 2016).

Additionally, a private person may not maintain an action based upon a public nuisance without showing a "special injury." *Jamail v. Stoneledge Condo Owners Ass'n*, 970 S.W. 3d 673, 676 (Tex. App.—Austin 1998, no. pet.); *Cong*, 250 F. Supp. 3d at 233. This "special injury," must be both substantial and different in kind from the harm suffered by the general public. *Id.* A public nuisance differs from a private nuisance in that a public nuisance affects the public at large and is defined as "an unreasonable interference with a right common to the general public." *Cox v. City of Dallas,* 256 F.3d 281, 289 (5th Cir. 2001).

> Unreasonable interference may involve: (1) conduct that significantly interferes with "the public health, the public safety, the public peace, the public comfort or the public convenience," (2) conduct that "is proscribed by a statute, ordinance or administrative regulation," or (3) conduct that is continuing or produced a permanent or long-lasting effect, and, as the actor knows or has reason to know, has a significant effect upon the public right.

*Friends of Lydia Ann Channel v. Lydia Ann Channel Moorings, LLC*, 2:19-CV-00148, 2020 WL 1434706, at *9 (S.D. Tex. Mar. 24, 2020) (citing *Cox*, 256 F.3d at 289).

---

Defendants Step Values, LLC d/b/a Dunkin Donuts, Fresh Burger, LLC d/b/a BurgerFi,
Edit Clean LLC d/b/a Tide Dry Cleaners, Five S Buildings, LLC, and 45th & Soncy, LLC's
Motion and Brief to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)          Page 16
653772v.1

The Plaintiff has failed to articulate facts and contentions explaining how a public right has been unreasonably interfered with because the entire complaint rests upon allegations about his individual real property.  Additionally, the Plaintiff has failed to state why or how his injury is "different in kind" or "special"  from the harm allegedly suffered by the general public to the degree necessary to allow him to qualify to have standing to assert a public nuisance cause of action.  The only non "governmental takings" claim that the Plaintiff asserts in support of his claim for a public nuisance is that "the conditions described herein constitute a public nuisance which violates the expectations that every normal person would have who occupies Plaintiff's land."  *See* Doc. 1, Pl.'s Orig. Compl. at ¶ 94.  The Plaintiff cannot establish that he has standing to state a claim for public nuisance and therefore this cause of action must be dismissed.

Additionally, the claim of the Plaintiff for public nuisance that relates to his allegation that his property has been "taken," must also be dismissed.  The case cited by the Plaintiff, *City of San Antonio v. Polluck*, 155 S.W.3d 322, 326 (Tex. App.—San Antonio 2004) was reversed by the Texas Supreme Court in 2009; in reversing the case the Texas Supreme Court held that a governmental taking only occurs when the government acts intentionally and the property is damaged or appropriated for or applied to public use.  *City of San Antonio v. Pollock*, 284 S.W.3d 809, 820–21 (Tex. 2009).  The Plaintiff has failed to allege how through intentional action the City of Amarillo and Defendants that have taken the Plaintiff's property.  *See* Doc. 1, Pl.'s Orig. Compl. at ¶ 93.

## XI.
### THE PLAINTIFF'S CLAIMS FOR NUISANCE AND CONSPIRACY ARE BARRED BY THE STATUTE OF LIMITATIONS

In Texas person must bring suit for a private nuisance claim no later than two years after the date that the cause of action accrues.  TEX. CIV. PRAC. & REM. CODE § 16.003.  The Plaintiff

Defendants Step Values, LLC d/b/a Dunkin Donuts, Fresh Burger, LLC d/b/a BurgerFi,
Edit Clean LLC d/b/a Tide Dry Cleaners, Five S Buildings, LLC, and 45th & Soncy, LLC's
Motion and Brief to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)          Page 17
653772v.1

pleads that the commercial developments he complains of were developed in mid-2016.  *See* Doc. 1, Pl.'s Orig. Compl. at ¶ 37.  The alleged nuisances of which the Plaintiff complains are not of the nature and character that would have taken time to develop; instead, as the Plaintiff has alleged, "Plaintiff has been subject to several chronic nuisances as a result of the commercial strip center, including but not limited to brightly-illuminated signs shining through the windows of his home, oil and other liquids discarded on the ground near his in-ground pool, noise from delivery and other commercial vehicles, and number other nuisances which particularly disturb his home life…."  *See* Doc. 1, Pl.'s Orig. Compl. at ¶ 38.

The Plaintiff has relied upon his communications to the Franchise Defendants in this case, specifically stating, "The Franchise Defendants have refused to respond to Plaintiff's attempts to communicate on this matter, and the City has refused to enforce its rules."  *See* Doc. 1, Pl.'s Orig. Compl. at ¶ 43.  Additionally, the Plaintiff plead, "Plaintiff was not able to recognize many of the actions herein described as illegal or actionable until he was actively harassed recently.  Some of the connections between the parties have only become apparent after substantial investigative work.  Thus, Plaintiff requests that the discovery rule toll any limitations on any of his claims made herein."  *See* Doc. 1, Pl.'s Orig. Compl. at ¶ 65.  The Plaintiff first sent communications to the Franchise Defendants on January 16, 2018 about his nuisance allegations, but impermissibly delayed the filing of this litigation until March 14, 2020.  *See* Franchise Defendants' Appendix In Support of Motion to Dismiss at 2-3. This exceeds the applicable two year statute of limitations under Texas Civil Practice and Remedies Code § 16.003.

Because the Plaintiff has incorporated by reference into his Complaint his communications with the Franchise Defendants, and because these communications are integral to the Complaint because of the Plaintiff's reliance on the document's terms and effect when drafting his Complaint,

the Franchise Defendants have attached communications received on January 16, 2018 from Amarillo attorney Samuel Karr on behalf of Mr. Fisher to this Motion to Dismiss. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (explaining that a court can consider a document attached to a motion to dismiss if the document is integral to the complaint because the plaintiff relied on the document's terms and effect when drafting the complaint); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 46-48 (2d Cir. 1991) (a court can consider documents that are incorporated by reference into a complaint); *In re MCI Worldcom, Inc. Sec. Litig.*, 191 F. Supp. 2d 778, 781 n. 1 (S.D. Miss. 2002).

Because the Plaintiff has used this communication as a foundation for his claims against the Franchise Defendants this Court can properly consider the communication sent in January 2018 in its consideration of the Motion to Dismiss. *Milkie v. Extreme Networks, Inc.*, CIV.A. 3:03-CV-1355P, 2004 WL 690844, at *3 (N.D. Tex. Mar. 30, 2004), aff'd in part, vacated in part, remanded on other grounds, 180 Fed. App'x 541 (5th Cir. 2006) (holding that a press release used and cited to by a plaintiff in a complaint could be considered by the court in the motion to dismiss.) The Franchise Defendants do not intend for the Court to convert this Motion to Dismiss into a Motion for Summary Judgment; in the event the Court finds the attachment impermissible the Franchise Defendants request the Court not consider it in ruling upon the Motion to Dismiss.

Likewise, the statute of limitations for civil conspiracy is that of the underlying tort under Texas law. *Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 142 (Tex. 2019). The Plaintiff's conspiracy claims are based on the nuisance action, "the result of the cooperation between all these government officials and a favored civic actor is an unhealthy, noisy, and smelly backyard constituting a nuisance to the plaintiff and a detriment to home values." *See* Doc. 1, Pl.'s

Defendants Step Values, LLC d/b/a Dunkin Donuts, Fresh Burger, LLC d/b/a BurgerFi,
Edit Clean LLC d/b/a Tide Dry Cleaners, Five S Buildings, LLC, and 45th & Soncy, LLC's
Motion and Brief to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)                Page 19
653772v.1

Compl. at ¶ 64.  Because the statute of limitations has expired for the nuisance claim, the claim for civil conspiracy has also expired under Texas law.

By the Plaintiff's own pleading and the demand letter his attorney sent in January 2018 his claims for nuisance and civil conspiracy are barred by the statute of limitations.

## XII.
### THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS

This Court should also decline to exercise supplemental jurisdiction over the Plaintiff's state law claims based on 28 U.S.C. § 1367(c) and the applicable common law factors.  A district court may decline to exercise its supplemental jurisdiction where:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

In making this determination courts must also consider and weigh "the common law factors of judicial economy, convenience, fairness and comity."  *Enochs v. Lampasas Cty*., 641 F.2d 155, 159 (5th Cir. 2011) (holding that court in this circuit must remain diligent in following the Supreme Court's almost fifty-year-old command that federal courts needless decisions of state law.)  In this case the Plaintiff brought the federal law claims that he did in an attempt to get a better result than he has previously in state court.[4]   Should this Court dismiss the federal law claims the Franchise

---

[4] *See Claudette Smith and Michael Fisher, v. Ginger Nelson, In Her Official Capacity As Mayor of The City of Amarillo, and Howard Smith, Eddy Sauer, Freda Powell, And Elaine Hays, In Their Official Capacities As Members of The City of Amarillo City Council*, Cause No. 107298-B-CV in the 181st District Court of Potter County; *Claudette Smith v. City of Amarillo and Amarillo Economic Development Corporation*, Cause No. 107632-C-CV in the 251st District Court of Potter County; *Chris Connealy, Texas State Fire Marshal, v. Michael C. Fisher, Nanna A. Fisher,*

Defendants Step Values, LLC d/b/a Dunkin Donuts, Fresh Burger, LLC d/b/a BurgerFi,
Edit Clean LLC d/b/a Tide Dry Cleaners, Five S Buildings, LLC, and 45th & Soncy, LLC's
Motion and Brief to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)          Page 20
653772v.1

Defendants request that Court dismiss the pendent state law claims. *Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992) (a district court has discretion to remand pendent state law claims after the plaintiff has dropped the federal cause of action on which removal was originally based).

## CONCLUSION

Defendants Step Values, LLC d/b/a Dunkin Donuts, Fresh Burger, LLC d/b/a BurgerFi, Edit Clean LLC d/b/a Tide Dry Cleaners, Five S Buildings, LLC, and 45th & Soncy, LLC respectfully request that the Court grant this motion and dismiss the improperly plead claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). These claims should be dismissed because they are vague and rely on unsupported and improper allegations of conspiracy. Additionally, they have been brought past the applicable statute of limitations for conspiracy through the derivative nuisance action.

WHEREFORE, PREMISES CONSIDERED, Defendants Step Values, LLC d/b/a Dunkin Donuts, Fresh Burger, LLC d/b/a BurgerFi, Edit Clean LLC d/b/a Tide Dry Cleaners, Five S Buildings, LLC, and 45th & Soncy, LLC request that the Court grant its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss the improperly plead claims against them.

---

*Chainsaw Massacre Haunted House*, Cause No. 70899C in the 251st District Court of Randall County (Counter Claims asserted against the Texas State Fire Marshal).

Defendants Step Values, LLC d/b/a Dunkin Donuts, Fresh Burger, LLC d/b/a BurgerFi,
Edit Clean LLC d/b/a Tide Dry Cleaners, Five S Buildings, LLC, and 45th & Soncy, LLC's
Motion and Brief to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)          Page 21
653772v.1

Respectfully submitted,

*/s/ Morgan Day Vaughan*
MATT D. MATZNER
Texas Bar No. 00797022
MORGAN DAY VAUGHAN
Texas Bar No. 24060769
CRENSHAW, DUPREE & MILAM, L.L.P.
P.O. Box 64479
Lubbock, Texas 79464-4479
Telephone: (806) 762-5281
Facsimile: (806) 762-3510
mmatzner@cdmlaw.com
mvaughan@cdmlaw.com
**Counsel for Defendants Step Values, LLC d/b/a Dunkin Donuts, Fresh Burger, LLC d/b/a BurgerFi, Edit Clean LLC d/b/a Tide Dry Cleaners, Five S Buildings, LLC, and 45th & Soncy, LLC**

Defendants Step Values, LLC d/b/a Dunkin Donuts, Fresh Burger, LLC d/b/a BurgerFi,
Edit Clean LLC d/b/a Tide Dry Cleaners, Five S Buildings, LLC, and 45th & Soncy, LLC's
Motion and Brief to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)          Page 22
653772v.1

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing was on this 14th day of May, 2020, served as follows:

**VIA ECF**
Warren V. Norred
C.Chad Lampe
NORRED LAW, PLLC
515 E. Border Street
Arlington, Texas 76010
wnorred@norredlaw.com
chad@norredlaw.com
***Counsel for Plaintiff Mike Fisher***

**VIA ECF**
Chris W. Carr
LYONS & SIMMONS, LLP
Rosewood Court
2101 Cedar Springs Road, Suite 1900
Dallas, Texas 75201
ccarr@lyons-simmons.com
***Counsel for Defendant***
***Plaza Amarillo, LLC***

**VIA ECF**
Bryan McWilliams
City Attorney
Leslie Spear Schmidt
Sr. Assistant City Attorney
Marcus W. Norris
Deputy City Attorney
City of Amarillo
City Attorney's Office
P.O. Box 1971
Amarillo, Texas 79105-1971
bryan.mcwilliams@amarillo.gov
leslie.schmidt@amarillo.gov
marcus.norris@amarillo.gov
***Counsel for Defendants City of Amarillo,***
***Ginger Nelson, Freda Powell, Eddy Sauer,***
***Elaine Hays, and Howard Smith***

*/s/ Morgan Day Vaughan*
OF COUNSEL

Defendants Step Values, LLC d/b/a Dunkin Donuts, Fresh Burger, LLC d/b/a BurgerFi,
Edit Clean LLC d/b/a Tide Dry Cleaners, Five S Buildings, LLC, and 45th & Soncy, LLC's
Motion and Brief to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)          Page 23
653772v.1