UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS – AMARILLO DIVISION

| | | |
|---|---|---|
| **MIKE FISHER,** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 2:20-CV-64 |
| | § | |
| **CITY OF AMARILLO, et al.,** | § | |
| *Defendants.* | § | |

**PLAINTIFF'S SUPPLEMENT TO ORIGINAL COMPLAINT**

COMES NOW Plaintiff Fisher to file this supplement to his Original Complaint. This supplement uses defined terms from the Original Complaint.

## I.   FACTS CONCERNING DEFENDANTS

1. Plaza Amarillo, LLC ("Plaza Amarillo") owns a strip of land popularly known as 4411 Soncy Road ("Property"). Plaza Amarillo purchased the Property with constructive notice regarding its deed restrictions, as they were in the public records and available for all to see.

2. Plaza Amarillo manages the Property, deciding and controlling which businesses will operate within the strip center. Plaintiff notified Plaza Amarillo of the nuisances being created by tenants occupying the strip center on the Property.

3. Franchisor Defendants have entered into contractual franchise agreements with Franchise Defendants BurgerFi, Tide Dry Cleaners, and Dunkin Donuts, which operate businesses in the strip center located on the Property.

## II.   FACTS CONCERNING PLAINTIFF & RESTRICTIONS

4.   Plaintiff purchased his property with the understanding and knowledge that the Property was burdened by restrictive covenants that would protect his use of his own property by disallowing certain activities on the Property, which if followed, would benefit Plaintiff.

5.   Plaintiff's expectations were always that the deed restrictions would be enforced and has seen no reason to believe that they are not valid or have never been valid. As the attachments to the Original Complaint show, these restrictions run with the land and have been in the public record since 1993.

6.   No document purporting to amend or eliminate the covenants burdening the Property, served the residents whose homes are next to the Property. . . until the Property was turned into a commercial center that ignored the restrictions.

7.   Every person who knows how to read can easily find the restrictive covenants. Every responsible person seeking to develop the Property would recognize that he was building a commercial center on a corner of a residential area. No responsible person would think that residential owners nearby would waive restrictions to stop nuisance sounds, smells, and sights violating the covenants. Every responsible developer would try to work out any potential problems before just deciding to build whatever kind of business he wanted. No reasonable person would ignore these to the detriment of the nearby residents.

8.  The Franchise Agreements give the Franchisor Defendants some control over the location and operation of the Franchise Defendant businesses, including providing guidance in choosing a location and how to conduct operations.

9.  Franchisor Defendants had a duty to exercise that control reasonably and prevent the franchises from carrying out torts like private nuisance and operating businesses in contravention of restrictive covenants running with the land.

### III.  CLAIMS AGAINST PLAZA AMARILLO

10.  To meet the feigned inability to understand claims made against it, Plaintiff seeks a claim for private nuisance against Plaza, as originally stated in para. 86-88 of the Original Complaint. Plaintiff holds Plaza liable for the nuisance of its tenants, as it sanctions and continues to sanction operations creating the nuisance.[1]

11.  Plaintiff also seeks a declaration that Plaza must abide by the convents as discussed in para. 82 of the Original Complaint.

12.  Plaintiff also seeks injunctive relief against Plaza as discussed in para. 95 to prevent Plaza from violating the restrictive covenants now and in the future.

13.  Plaintiff claims that Plaza is part of the ongoing conspiracy against Plaintiff, as it benefits from the unequal favorable treatment of Plaza under the umbrella of protection provided by the Wares.

---

[1] As indicated by *Maple Terrace Apartment Co. v. Simpson*, 22 S.W.2d 698 (Tex. Civ. App. 1929), a landlord sanctioning tortious behavior can be held liable for its tenants' behavior.

## IV.     ADDITIONAL DISCUSSION REGARDING CONSPIRACY

14.    Defendants have disclaimed an understanding of what Plaintiff has alleged with regard to a conspiracy. This section supplements paragraphs 51-64.

15.    Conspiracy claims require an underlying tort on which other legal actions are then hung. Here, Plaintiff claims that a private nuisance is that tort, which is defined to be "anything done to the hurt, or annoyance of the lands, tenements or hereditaments of another." *Burditt v. Swenson*, 17 Tex. 489, 502 (1856).

16.    Plaintiff asserts that ANB and the Wares needed to unload a commercial property that was difficult to sell. Rather than lower its price, the bank sold the property to friendly buyers with the promise that the Wares' political power would protect it from any enforcement. After all, it's a community bank that gives to many civic causes and as the most significant player in city affairs, few people gain political power outside the Wares and the hivemind of friends that runs the city (which is no different from most cities).

17.    Since that original sale, the Wares have been directly involved with every named defendant as either a donor, business partner, or account holder associated with the Wares or ANB. Individuals who have no direct benefit but might be still involved include individuals such as Howard Smith, a council member sued only in his official capacity because Plaintiff could find no way in which he has not personally received a benefit.

Respectfully submitted,

> NORRED LAW, PLLC
> /s/ Warren V. Norred
> Warren V. Norred, Texas Bar No. 24045094; wnorred@norredlaw.com
> C. Chad Lampe, Texas Bar No. 24045042; chad@norredlaw.com
> 515 E. Border Street; Arlington, Texas 76010
> Tel. (817) 704-3984; Fax. (817) 524-6686
> Attorney for Plaintiff

CERTIFICATE OF SERVICE - I certify that the above was served on all parties seeking service in the instant case via the Court's e-file system on June 12, 2020.

/s/Warren V. Norred