UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS – AMARILLO DIVISION

| | | |
|---|---|---|
| MIKE FISHER, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | 2:20-CV-64 |
| | § | |
| CITY OF AMARILLO, et al., | § | |
|     *Defendants*. | § | |

**PLAINTIFF'S RESPONSE AND OBJECTION TO
DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) and
PLEA TO JURISDICTION**

COMES NOW Plaintiff, Mike Fisher to file this response and objection to the Motion to Dismiss (Doc. 31) filed by Plaza Amarillo, LLC ("Plaza Amarillo" or "Plaza").

Summarizing, Plaza Amarillo, LLC's motion to dismiss fails because Plaintiff clearly stated that he was seeking claims against Plaza Amarillo for:

1) Plaza Amarillo's violations of the restrictive covenants burdening the property owned by Plaza Amarillo, for which it is responsible as the landlord of the Franchise Defendants which are Plaza Amarillo's tenants on the subject property; and

2) Plaza Amarillo's actions and omissions resulting in claims for private nuisance.

These claims are stated in the Original Complaint, and made even clearer in the Supplement filed concurrently as discussed herein.

CONTENTS

| | | |
|---|---|---:|
| I. | Table of Authorities | 3 |
| II. | Legal Standard | 4 |
| A. | Federal Rule of Civil Procedure 8(a) | 4 |
| B. | Federal Rule of Civil Procedure 12(b)(6) | 4 |
| III. | Plaintiff's Plea for Enforcement of Restrictive Covenants | 6 |
| IV. | Plaintiff's Claim for Private Nuisance | 6 |
| V. | Additional Argument | 8 |
| VI. | Supplement to Complaint | 8 |
| VII. | Prayer | 9 |

# I.   Table of Authorities

**Cases**
*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) .......................................................... 5
*Atchison, Topeka & Santa Fe Ry. v. Buell*, 480 U.S. 557, 568 n.15 (1987) ................................... 4
*Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). ........................................................................ 5
*Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) ................................................................. 4, 5
*Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580 (Tex. 2016).................................... 7
*Epos Tech. Ltd. v. Pegasus Techs. Ltd.*, 636 F. Supp.2d 57, 63 (D.D.C. 2009) ............................. 4
*Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)............................. 4
*Maple Terrace Apartment Co. v. Simpson,* 22 S.W.2d 698 (Tex. Civ. App. 1929) ....................... 8
*Mitchell v. Rancho Viejo, Inc*., 736 S.W.2d 757 (Tex. App. 1987)................................................ 6
*Morgan v. Hubert,* 335 F. App'x 466, 470 (5th Cir. 2009)............................................................ 5
*Oldfield v. City of Houston*, 15 S.W.3d 219, 228 (Tex. App.—Houston [14th Dist.] 2000, pet.
    denied)......................................................................................................................................... 8
*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)............................................................... 4
*Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011).................................................................. 4

**Statutes**
TEX. PROP. CODE § 13.002............................................................................................................. 6
TEX. PROP. CODE § 202.003........................................................................................................... 6

**Rules**
FED. R. CIV. PRO. 12(b)(6) ......................................................................................................... 4, 5
FED. R. CIV. PRO. 8 ..................................................................................................................... 4, 5

## II.     Legal Standard

A.     **Federal Rule of Civil Procedure 8(a)**

1.     Federal Rule of Civil Procedure 8(a) states that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. PRO. 8(a)(2), and that "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. PRO. 8(d)(1). The Supreme Court has explained that a complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); accord *Atchison, Topeka & Santa Fe Ry. v. Buell*, 480 U.S. 557, 568 n.15 (1987) (under Rule 8, claimant has "no duty to set out all of the relevant facts in his complaint"). "Specific facts are not necessary in a Complaint; instead, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Epos Tech. Ltd. v. Pegasus Techs. Ltd.*, 636 F. Supp.2d 57, 63 (D.D.C. 2009)(citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

2.     Thus, the Federal Rules embody "notice pleading" and require only a concise statement of the claim, rather than evidentiary facts. Accordingly, Defendants' Motion would be considered properly filed only "where a plaintiff's complaint is 'unintelligab[le] (sic),' not where a complaint suffers for 'lack of detail.'" *Epos Tech.*, 636 F. Supp. 2d at 63 (citations omitted).

3.     In this case, Plaintiff pled facts in paragraphs 35-50 regarding the facts that show a violation of the restrictive covenants applying to the commercial lot in question.

B.     **Federal Rule of Civil Procedure 12(b)(6)**

4.     A motion to dismiss under FED. R. CIV. PRO. 12(b)(6) is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). A Rule 12(b)(6) motion to dismiss

argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement ... showing that the pleader is entitled to relief." Rule 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

5.      Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 570).

6.      In considering a motion to dismiss pursuant to Rule 12(b)(6) the Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

7.      In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *Morgan v. Hubert,* 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### III. Plaintiff's Plea for Enforcement of Restrictive Covenants

8. In paragraph 36 of the Original Complaint, Plaintiff pleads the specifics of the restrictive covenants applying to the land. See Complaint ¶ 35-37.

9. In paragraph 87 of the Original Complaint, Plaintiff states that he seeks to enforce the restrictive covenants against Defendant Plaza.

10. Plaza Amarillo currently owns the Property at 4411 Soncy Road which is part of the Sleepy Hollow subdivision and encumbered by restrictive covenants recorded in Randall County records since 1993. Plaza Amarillo has constructive knowledge, at the very least, of the restrictive covenants that apply to it and what types of businesses would and would not be allowed under the covenants. TEX. PROP. CODE § 13.002.

11. "A restrictive covenant shall be liberally construed to give effect to its purposes and intent." TEX. PROP. CODE § 202.003. In this case, Plaintiff set forth the restrictive covenants affecting both his and the Defendant's property and the Court must construe those liberally. Plaintiff has standing to enforce the covenants because he has an interest in the benefitted land. *Mitchell v. Rancho Viejo, Inc*., 736 S.W.2d 757 (Tex. App. 1987).

12. Plaintiff has successfully pled the claim for the Court to enforce the restrictive covenants that apply to the Property owned by Plaza Amarillo Defendants, properly pleading facts regarding Defendant Plaza Amarillo's ownership of the land and notice of the restrictive covenants applying thereto that ought to be enforced.

### IV. Plaintiff's Claim for Private Nuisance

13. The elements of a private nuisance include: (1) a plaintiff lawfully using or owns an interest in land; (2) a defendant interfered with use and enjoyment of that land; (3) the defendant's interference was substantial and unreasonable under circumstances; and (4) as a

proximate cause of interference, the plaintiff suffered damages. *Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580 (Tex. 2016).

14. In paragraph 35 of the Original Complaint, Plaintiff pled the first element that he owns the land at issue. Plaintiff purchased the Home located at 4410 Van Kriston Dr, Amarillo, Texas, in June of 2012.

15. Plaza Amarillo Defendants own the commercial lot and strip center at 4411 Soncy Road, Amarillo, Texas and have done so since May 2019. The Franchise Defendants that are creating the nuisance are tenants of the owner, Plaza Amarillo.

16. Plaintiff pled facts in the Original Complaint paragraph 39 that meet element two of the private nuisance tort by listing at least some of the actions by Franchise Defendants that interfere with the enjoyment of his property, including but not limited to brightly-illuminated signs shining through the windows of his home, oil and other liquids discarded on the ground near his in-ground pool, noise from delivery and other commercial vehicles.

17. Defendant Plaza Amarillo has been notified of these nuisances by its tenants.

18. Plaintiff pled facts that demonstrate element three of a private nuisance by showing that the interference was substantial and unreasonable in paragraphs 40, 41, 45, and 46 of the Original Complaint. Plaintiff's in-ground pool is often unusable due to commercial noise, bright lights at all hours, exposed wiring, unpleasant smells and trash. Additionally, Plaintiff's property has lost about $50,000 in value according to the county appraisal district.

19. Element four is also met by paragraphs 40, 41, 45, and 46 of the Original Complaint by showing that the interference by Franchise Defendants resulted in damages; his backyard pool is virtually unusable and his property value has dropped dramatically.

## V. Additional Argument

20. Plaza Amarillo argues in part that it is not responsible for actions occurring before it was the owner. However, a property owner cannot rely on events that occurred prior to its purchase of the property to support a changed circumstances defense. *Oldfield v. City of Houston*, 15 S.W.3d 219, 228 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (superseded by statute on other grounds). In *Oldfield*, the property owner argued that due to the construction of the I-610 South Loop in Houston, his property abutted the feeder road to the interstate and was subject to commercial traffic; therefore, his property should not be subject to the deed restriction prohibiting its commercial use. *Id*. The court rejected this argument, finding that interstate was constructed before his grantee's acquisition of the property and therefore the alleged "changed circumstances" were already in existence at the time he came into title. *Id*.

21. Defendant Plaza Amarillo may be liable for nuisances carried out by the tenants when they are "done under the sanction of the appellant's managing agent." *Maple Terrace Apartment Co. v. Simpson,* 22 S.W.2d 698 (Tex. Civ. App. 1929).

22. Plaza Amarillo is the landlord of the strip center and manages its operation, including which businesses are allowed to occupy the premises. Plaintiff has asserted sufficient facts to support a claim that Plaza Amarillo, through its management of the property, is responsible for the nuisances and damages suffered by Plaintiff. The Court should deny the Defendant's motion to dismiss the nuisance claim.

## VI. Supplement to Complaint

23. Plaintiff is concurrently filing a supplement to his Original Complaint incorporated by reference, which lists the claims against Plaza Amarillo, including claims for a declaration, injunctive relief, breach of contract based on restrictive covenants, and conspiracy.

## VII. Prayer

Plaintiff Mike Fisher prays that this Honorable Court deny Defendants' Motion to Dismiss, and for all other relief, both general and special, at law and in equity, to which he justly may be entitled.

        Respectfully submitted,

        NORRED LAW, PLLC
        /s/ Warren V. Norred
        Warren V. Norred, Texas Bar No. 24045094; wnorred@norredlaw.com
        C. Chad Lampe, Texas Bar No. 24045042; chad@norredlaw.com
        515 E. Border Street; Arlington, Texas 76010
        Tel. (817) 704-3984; Fax. (817) 524-6686
        Attorney for Plaintiffs

CERTIFICATE OF SERVICE - I certify that the above was served on all parties seeking service in the instant case via the Court's e-file system on June 12, 2020.

        /s/Warren V. Norred