# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS – AMARILLO DIVISION

| | | |
|---|---|---|
| **MIKE FISHER,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **2:20-CV-64** |
| | § | |
| **CITY OF AMARILLO, et al.,** | § | |
| *Defendants.* | § | |

### PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) and PLEA TO JURISDICTION

COMES NOW Plaintiff, Mike Fisher filing this response and objection to the Motion to Dismiss (Doc. 29) filed by Defendants BurgerFi International, LLC, Dunkin' Brands, Inc., and The Procter and Gamble Co. (the "Franchisor Defendants") regarding Plaintiff's Original Complaint.

Summary: Plaintiff properly pled claims against the Franchisor Defendants for private nuisance and enforcement of restrictive covenants based on agency principles between Franchisors and Franchisees and a measure of control over the business location and operations. Plaintiff need not prove the level of control, but merely plead facts that raise the issue. Plaintiff has done so and so Defendants' motion ought to be denied.

Plaintiff is concurrently filing a supplement to his Original Complaint which incorporated by reference.

**Contents**

I.   Legal Standard ...................................................................................4

    A.  Federal Rule of Civil Procedure 8(a) ...................................4

    B.  Federal Rule of Civil Procedure 12(b)(6).............................4

II.   Plaintiff's Private Nuisance Claim ...............................................6

    A.  Franchisor Defendants are properly named............................6

    B.  Equitable Estoppel protects Plaintiff's private nuisance claim from limitations. ..............................................................................7

    C.  Public policy should dictate that the statute of limitations has not expired.....9

III.   Enforcement of Restrictive Covenants.........................................11

IV.   Supplemental Jurisdiction ............................................................12

V.   Prayer ...........................................................................................12

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) ........................................................ 5

*Atchison, Topeka & Santa Fe Ry. v. Buell*, 480 U.S. 557, 568 n.15 (1987) ................................... 4

*Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). .................................................................... 5, 7

*Barragan v. GM LLC,* No. 4:14-CV-93-DAE, 2015 U.S. Dist. LEXIS 131963 (W.D. Tex. Sep. 30, 2015) ...................................................................................................................................... 7

*Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) ................................................................. 4, 5

*City of Abilene v. Downs*, 367 S.W.2d 153, 160 (Tex. 1963) ......................................................... 10

*Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580 (Tex. 2016) .................................... 6

*Epos Tech. Ltd. v. Pegasus Techs. Ltd.*, 636 F. Supp.2d 57, 63 (D.D.C. 2009) ............................ 4

*Exxon Corp. v. Tidwell*, 867 S.W.2d 19 (Tex. 1993) ..................................................................... 7

*Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) ............................. 4

*Leonard v. Eskew*, 731 S.W.2d 124, 129 (Tex. App. 1987) ........................................................... 9

*Mitchell v. Rancho Viejo, Inc.,* 736 S.W.2d 757 (Tex. App. 1987) ............................................... 11

*Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) ........................................................... 5

*Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011) ............................................................... 8

*O'Neill v. Startex Petroleum, Inc.*, 715 S.W.2d 802 (Tex. App. 1986) ......................................... 7

*Stanley v. Schwalby*, 85 Tex. 348, 19 S.W. 264 ........................................................................... 10

*Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 9 (Tex. 1991) ............................................... 10

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) ............................................................... 4

*Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) ................................................................. 4

**Statutes**

28 U.S.C. § 1367(c) ...................................................................................................................... 12

TEX. CIV. PRAC. & REM. CODE § 154.002 ................................................................................... 10

TEX. CIV. PRAC. & REM. CODE §16.003 ........................................................................................ 7

TEX. PROP. CODE § 202.003 ......................................................................................................... 11

**Rules**

FED. R. CIV. PRO. 12(b)(6) ...................................................................................................... 4, 5, 8

FED. R. CIV. PRO. 8 ...................................................................................................................... 4, 5

## I.    Legal Standard

### A.    Federal Rule of Civil Procedure 8(a)

1.    Federal Rule of Civil Procedure 8(a) states that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. PRO. 8(a)(2), and that "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. PRO. 8(d)(1). The Supreme Court has explained that a complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); accord *Atchison, Topeka & Santa Fe Ry. v. Buell*, 480 U.S. 557, 568 n.15 (1987) (under Rule 8, claimant has "no duty to set out all of the relevant facts in his complaint"). "Specific facts are not necessary in a Complaint; instead, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Epos Tech. Ltd. v. Pegasus Techs. Ltd.*, 636 F. Supp.2d 57, 63 (D.D.C. 2009)(citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

2.    Thus, the Federal Rules embody "notice pleading" and require only a concise statement of the claim, rather than evidentiary facts. Accordingly, Defendants' Motion would be considered properly filed only "where a plaintiff's complaint is 'unintelligab[le] (sic),' not where a complaint suffers for 'lack of detail.'" *Epos Tech.*, 636 F. Supp. 2d at 63 (citations omitted).

### B.    Federal Rule of Civil Procedure 12(b)(6)

3.    A motion to dismiss under FED. R. CIV. PRO. 12(b)(6) is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a

complaint include "a short and plain statement ... showing that the pleader is entitled to relief." Rule 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 570).

4.      In considering a motion to dismiss pursuant to Rule 12(b)(6) the Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

5.      In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *Morgan v. Hubert,* 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

II.      **Plaintiff's Private Nuisance Claim**

**A.  Franchisor Defendants are properly named.**

6.      Franchisor Defendants claim that Plaintiff failed to plead facts that state a claim against them for the tort of private nuisance under state law.

7.      The elements of a private nuisance are (1) Plaintiff was in lawful use or owned an interest in land. (2) Defendant interfered with use and enjoyment of land owned or occupied by plaintiff. (3) Interference was substantial and unreasonable under circumstances. (4) As a proximate cause of interference, plaintiff suffered damages. *Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580 (Tex. 2016).

8.      In paragraph 35 of the Original Complaint, Plaintiff plead the first element that he owns the land at issue. Plaintiff purchased the home located at 4410 Van Kriston Dr, Amarillo, Texas ("Home"), in June of 2012.

9.      Plaintiff pled facts in the Original Complaint paragraph 39 that meet element two of the private nuisance tort by listing at least some of the actions by Franchise Defendants that interfere with the enjoyment of his property, including but not limited to brightly-illuminated signs shining through the windows of his home, oil and other liquids discarded on the ground near his in-ground pool, noise from delivery and other commercial vehicles.

10.     Plaintiff pled facts that demonstrate element three of a private nuisance by showing that the interference was substantial and unreasonable in paragraphs 40, 41, 45, and 46 of the Original Complaint. Plaintiff's in-ground pool has become unusable much of the time due to commercial noise, bright lights at all hours, exposed wiring, and unpleasant smells and trash. Additionally, Plaintiff's property has lost about $50,000 in value according to the county appraisal district.

11.     Element four is also met by paragraphs 40, 41, 45, and 46 of the Original Complaint by showing that the interference by Franchise Defendants resulted in damages; his backyard pool is virtually unusable and his property value has dropped dramatically.

12.     Because, as pled by Plaintiff in paragraph 43 of the Original Complaint, Franchisor Defendants have an agreement with the Franchise Defendants whereby they assist in location and operation of the Franchise Defendant businesses, there exists an agency relationship between the two sets of defendants.

13.     If the franchise agreement between the franchisors and their respective franchisees include some right of control by the Franchisor Defendants, then lack of actual control does not relieve their liability. *O'Neill v. Startex Petroleum, Inc.*, 715 S.W.2d 802 (Tex. App. 1986). Additionally, any control that is retained must be exercised reasonably in order to prevent torts. *Exxon Corp. v. Tidwell*, 867 S.W.2d 19 (Tex. 1993).

14.     Plaintiff need not plead the specifics of control and on whom liability falls at this stage of the litigation process. *Barragan v. GM LLC,* No. 4:14-CV-93-DAE, 2015 U.S. Dist. LEXIS 131963 (W.D. Tex. Sep. 30, 2015). It is enough that the facts pled, if taken as true, would point to a fact question that needs to be resolved. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

15.     Because Plaintiff has pled facts that, if assumed true, give Defendants fair notice of a claim for private nuisance and the grounds on which the claim is based, the Court should not dismiss Plaintiff's private nuisance claim.

**B.      Equitable Estoppel protects Plaintiff's private nuisance claim from limitations.**

16.     Franchisor Defendants argue that Plaintiff's private nuisance claim is foreclosed based on the two-year statute of limitations based on TEX. CIV. PRAC. & REM. CODE §16.003.

17.     Franchisor Defendants point to the development of the property in mid-2016 and

communications of January 16, 2018 as evidence that the statute of limitations has expired because the Original Complaint was not filed until March 14, 2020.

18.     Plaintiff could not have known that the private nuisance tort would take place immediately upon the development of the property in mid-2016. Therefore, the Court should dismiss that date for purposes of calculating the statute of limitations.

19.     Furthermore, Rule 12(d) of the Federal Rules of Civil Procedure says:

> RESULT OF PRESENTING MATTERS OUTSIDE THE PLEADINGS. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

20.     Defendants are presenting matters outside of the pleadings by referring to Plaintiff's January 16, 2018 letter to Franchise Defendants. The Court may not consider these matters in a 12(b)(6) motion. "At this early pleading stage, our factual universe is bounded by the four corners of the complaint." *Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011) If the Court wishes to consider the communication of January 16, 2018, then the motion is converted to a summary judgment motion.

21.     Franchisor Defendants clearly understood this result because they try to have the Court consider documents outside the "four corners of the Original Complaint" and yet openly admit that they "do not intend for the Court to convert this Motion to Dismiss into a Motion for Summary Judgment."

22.     Franchisor Defendants assert that the Plaintiff should not be allowed to assert his private nuisance claim or conspiracy claim based on the statute of limitations because Plaintiff communicated with Franchise Defendants in January 2018 and did not file suit until March 2020.

23.     Should the Court choose to consider the January 2018 letter, the Court should also

consider the reply to that letter attached to this Response.

24.     Franchise Defendants responded to Plaintiff's letter by representing that they would remedy the causes of the private nuisance claim. Franchise Defendants represented that they would remedy the lighting, noise, landscaping, and grease dumping issues.

25.     The doctrine of equitable estoppel states that the Defendants are precluded from asserting the statute of limitations when they have induced the Plaintiff to refrain from filing suit because of representations the Defendants made.

> Under the familiar rules of equitable estoppel, applicable to a whole range of conduct in numerous contexts, a defendant may be estopped to interpose the limitations bar, which would otherwise be available to him, when he has induced the plaintiff not to file suit within the limitations period. The essential elements of such estoppel are: that the defendant, by his words or conduct, induced the plaintiff to delay filing his cause of action beyond the time permitted by the applicable statute of limitations, unmixed with any want of diligence on the plaintiff's part.

*Leonard v. Eskew*, 731 S.W.2d 124, 129 (Tex. App. 1987)

26.     In this case, Franchise Defendants represented by words in their letter to Plaintiff that they were remedying the issues related to the private nuisance, thus inducing the Plaintiff not to file his cause of action. Based on the agency relationship between Franchise Defendants and Franchisor Defendants, the Franchisor Defendants should be held to the same standard. Plaintiff should be allowed to carry forth his case based on principles of equity and the motion to dismiss the private nuisance claim should be denied.

**C.     Public policy should dictate that the statute of limitations has not expired.**

27.      In the event that the Court should choose to consider the communications of January 16, 2018, an important public policy argument must also be considered. Plaintiff, in good faith, attempted to communicate with Franchise Defendants outside the doors of the courtroom to settle the dispute before asserting a claim in court.

28.     The Texas Supreme Court has said that it "seeks to promote a public policy that encourages settlements." *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 9 (Tex. 1991)

29.     This policy has been codified by the Texas Legislature: "It is the policy of this state to encourage the peaceable resolution of disputes…and the early settlement of pending litigation through voluntary settlement procedures. TEX. CIV. PRAC. & REM. CODE § 154.002

30.     In this case, it would work against public policy to foreclose the remedy available to Plaintiff because he sought the opportunity to reach a peaceable resolution of the dispute by trying to settle the case out of court.

31.     Therefore the statute of limitations should not begin until after a reasonable time had passed allowing for Franchise Defendants to respond to his communication or drawing a reasonable inference by their silence that Defendants did not intend to remedy the nuisance-producing activities.

32.     "[The] statute of limitation begins to run from the time when a complete cause of action accrued - that is, when a suit may be maintained - and not until that time." It was held in *Stanley v. Schwalby*, 85 Tex. 348, 19 S.W. 264, that "[Limitation] runs upon the right or cause of action accruing, and not before; and this does not exist unless facts exist which authorize the person asserting claim to ask relief from some court of justice against the person who ought to make reparation." *City of Abilene v. Downs*, 367 S.W.2d 153, 160 (Tex. 1963)

33.     In this case, Plaintiff did not know that the facts existed to seek relief from some court of justice until after the Franchise Defendants had failed to respond to or act upon the communications by Plaintiff seeking resolution outside of court.

34.     Based on the agency relationship between Franchise Defendants and Franchisor Defendants, the Franchisor Defendants should be held to the same standard. Plaintiff should be

allowed to carry forth his case based on good public policy and Defendants' motion to dismiss should be denied.

### III.     Enforcement of Restrictive Covenants

35.     Plaintiff seeks relief for enforcement of restrictive covenants based on the facts pled by Plaintiff in Paragraph 36 of the Original Complaint where the specifics of the restrictive covenants applying to the land are set forth: *See* Complaint ¶ 36.

36.      "A restrictive covenant shall be liberally construed to give effect to its purposes and intent." TEX. PROP. CODE § 202.003

37.     In this case, Plaintiff set forth the restrictive covenants affecting both his and the property where the Franchise Defendants' businesses operate. The Court must consider those liberally, and they prevent the operations that are currently occurring on the commercial lot. Plaintiff has standing to enforce the covenants because he has an interest in the benefitted land. *Mitchell v. Rancho Viejo, Inc.,* 736 S.W.2d 757 (Tex. App. 1987)

38.     By virtue of the agency relationship between Franchisors and Franchisees and recognizing some measure of control by Franchisors over choosing the location of the franchise businesses, Franchisor Defendants are required to exercise reasonable care over that choice. All parties involved had constructive notice of the restrictive covenants applying to the commercial lot at which the businesses operate because, as Plaintiff points out in Paragraph 36 of his Original Complaint, the restrictive covenants have been recorded in the Randall County records since 1993.

39.     Franchisor Defendants had a duty to prevent their franchisees from violating restrictive covenants in locating their businesses. Defendants did not properly fulfill that duty.

40.     Because Franchisor Defendants are properly included in the claim for enforcement of the restrictive covenants, it ought not be dismissed and Defendants' motion ought to be denied.

**IV.     Supplemental Jurisdiction**

41.     Franchisor Defendants claim that the Court should decline to exercise its supplemental jurisdiction over state law claims, citing 28 USC § 1367(c). However, the Defendants never point to which section of that statute applies in this case. Plaintiff has filed suit to address the claims he has against the Defendants and is seeking relief from this Court. Plaintiff prays that this Court will resolve both the federal and state claims arising between Plaintiff and Franchisor Defendants, which is reasonable and judicially efficient. No good reason exists to make two suits out of one, particularly when facts and theories overlap.

**V.     Prayer**

Plaintiff Mike Fisher prays that this Honorable Court deny Defendants' Motion to Dismiss, and for all other relief, both general and special, at law and in equity, to which he justly may be entitled.

Respectfully submitted,

NORRED LAW, PLLC
/s/ Warren V. Norred
Warren V. Norred, Texas Bar No. 24045094; wnorred@norredlaw.com
C. Chad Lampe, Texas Bar No. 24045042; chad@norredlaw.com
515 E. Border Street; Arlington, Texas 76010
Tel. (817) 704-3984; Fax. (817) 524-6686
Attorney for Plaintiffs

CERTIFICATE OF SERVICE - I certify that the above was served on all parties seeking service in the instant case via the Court's e-file system on June 12, 2020.

/s/Warren V. Norred

Traci D. Siebenlist

tsiebenlist@cdmlaw.com

Telephone: (806) 762-5281
Facsimile: (806) 762-3510



Happy State Bank Building
4411 98ᵗʰ Street, 4th Floor
Lubbock, Texas 79424
P.O. Box 64479
Lubbock, Texas 79464-4479

February 7, 2018

**VIA EMAIL – skarr@bmwb-law.com**
**& FACSIMILE (806) 350-7642**
Samuel Karr
701 South Taylor, Suite 440
Amarillo, Texas 79101

   Re: 45ᵗʰ & Soncy, LLC; Lot 12 Block 45, Sleepy Hollow Unit No. 71

Dear Mr. Karr:

   Please be advised that this firm represents 45th & Soncy, LLC. We are in receipt of your letter dated January 16, 2018 concerning Sleepy Hollow Unit No. 71 in Amarillo, Texas. I attempted to reach out to you by phone prior to sending this letter, however, I was unable to reach you. This letter is to advise you of the actions taken to address concerns raised in your January 16th letter.

   First, in regards to the commercial sign located nearest to your client's property. This sign no longer illuminates to accommodate your concerns regarding light on your client's property. Additionally, the speakers you addressed and mentioned in your letter are not currently in use, therefore, the noise from these speakers you mentioned should no longer be an issue. To the extent our client uses said speaker in the future, they will ensure a reasonable level of sound is employed. You also mentioned issue with the lights around the perimeter of the property casting light into your client's backyard. Our clients worked with city zoning officials and shortened these lights to ensure the lights did not cause a problem for your client. Additionally, these lights were directed away from your client's property and therefore do not cast light into the backyard or living space of your client. Additionally, the grease disposal container mentioned in your letter is not on the property line, it is inside the property line of our clients. While there may have been one issue in regards to grease around the container, this has been addressed and corrected so that there is no issue with dumping grease on the ground at this time. Additionally, our client has taken steps with the landscaping around the property and your client's property line to address said issues as requested by your client.

   As you can see, while we have never been notified of a violation of any applicable city or county ordinances, our clients have taken numerous steps to address the issues raised in your January 16th letter. Our clients would like to continue to work with you and your client to discuss

492305v.1 004725/0072738

Samuel Karr
February 7, 2018
Page 2

any issues in a reasonable manner. On that note, I would like to specifically talk with you concerning the signage issue you raised in your January 16th letter to determine if we can reach an amicable solution. We believe the sign provision was never intended to be applied to commercial property. Please contact me when you are available so that we can discuss this issue and hopefully avoid costly and timely litigation.

Very truly yours,

Traci D. Siebenlist

TDS/ems

cc:

Jack McCutchin, Jr. [of the firm]