UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS – AMARILLO DIVISION

| | | |
|---|---|---|
| **MIKE FISHER,** § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | 2:20-CV-64 |
| § | | |
| **CITY OF AMARILLO, et al.,** § | | |
| *Defendants.* § | | |

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR LEAVE**

**COMES NOW**, Plaintiff, MIKE FISHER, and files this reply in support of his *Motion for Leave to File Amended Complaint*.

**I.   BACKGROUND**

1.   Plaintiff Mike Fisher filed his *Motion for Leave to File Amended Complaint* ("Motion") (Doc. 62) as an alternative response to Plaza's motion to strike Fisher's Supplement, which was a responsive pleading filed 21 days after Plaza filed its Rule 12(b)(6) motion to dismiss. Under Rule 15(a), the supplement was a timely filed amendment. Though given ample opportunity, no defendant has offered any legitimate reason why the supplement should not be allowed as an amendment, or why Fisher's complaint should not be allowed to be amended to reflect the supplement. Other than citing a specific interpretation of the rule to reflect their preferences, no defendant has shown any reason why Fisher's complaint should not be allowed to be amended in this case.

2.     Defendants' narrow focus and unwarranted, hypertechnical interpretation is not the approach to adjudicating honest disputes taken by federal courts, particularly when the Supplement simply resolves ambiguities in Fisher's Original Complaint. This Court should deny Defendants' motion to strike, or allow the complaint's amendment so that a proper decision can be rendered on the merits.

## II.     ARGUMENT AND AUTHORITIES

### A.     Plaintiff's Supplement was an effective amendment.

3.     Defendants argue that *Plaintiff's Supplement to Original Complaint* filed on June 12, 2020 ("Supplement," Doc. 40) does not constitute an amendment. Plaintiff asserts otherwise, as a supplement by every normal definition is an amendment to a pre-existing document.[1]

4.     However, to set Defendants at ease, Plaintiff has sought to provide the Court a single amended complaint incorporating the Supplement. But the document filed by Plaintiff *was* an amendment, as it asserted additional details. Defendants cite *Sells v. Corely*, No. 2:20-CV-12-Z-BQ, 2020 WL 4035177, at *2 (N.D. Tex. July 16, 2020) in support of their contention that Plaintiff should not be allowed to amend his complaint, but in *Sells*, this Court was facing an amendment that dropped a defendant, and added no new facts. The Court denied the amendment on

---

[1] E.g., "Supplement." *Merriam-Webster.com Dictionary*, Merriam-Webster, https://www.merriam-webster.com/dictionary/supplement. Accessed 11 Aug. 2020.

that basis, adding that the amendment was not warranted under "ends of justice" standard of Rule 15(a)(2). *Id.* at *4-5.

5. Defendants incorrectly assert that the primary purpose of Plaintiff's proposed amendment is to respond to *Defendant Plaza Amarillo, LLC's Motion to Dismiss* (Doc. 40), but Defendants provide no evidence to support this claim. Defendants provide quotes from Plaintiff's amendment in an attempt to support their argument, but Plaintiff fails to see how statements including "every person who knows how to read can easily find the restrictive covenants" and "few people gain power outside the Wares and the hivemind of friends that runs the city (which is not different from most cities)" can be construed as replies to Defendants' motion to dismiss.

6. Even if one chooses to interpret Plaintiff's language as referencing Defendants' motion to dismiss, Plaintiff fails to see how a topic mentioned in two sentences of a document of 17 paragraphs could be construed as constituting the document's primary purpose.

7. As one can see by reading it, the primary purpose of Plaintiff's amendment was to introduce and highlight significant facts previously unknown to or overlooked by Plaintiff when he filed his original complaint and to clarify claims against existing parties.

8. For example, section one of Plaintiff's amendment includes the introduction of important clarifying facts regarding Defendant Plaza Amarillo, namely, a thorough description of the property it owns upon which the alleged violation of restrictive covenants took place and the method by which it manages the property, as well as its relationship with Franchisor Defendants. Section two presents facts of a similar nature related to Plaintiff's property and the restrictions upon it. Sections three and four present clarifying information regarding Plaintiff's claims so that all parties understand the claims made against them.

9. As Plaintiff states in his Motion, Plaintiff chose to include only the newest additions to the facts and clarifications of claims in the document for the purpose of easing the burden on Defendants and the Court in locating the changes to the original complaint. Plaintiff labeled it a supplement but Plaintiff believes that his document filed on June 12, 2020 is in essence an amendment and as such, that this Court should grant Plaintiff's Motion.

**B.     The proposed Amendment is not futile.**

10. Defendants claim that Plaintiff's proposed amendment fails to cure "fatal defects" in his original complaint, but Plaintiff denies that any such defects actually exist within his complaint.

11. To support their argument, Defendants provide case law from *United States ex rel. Jackson v. Univ. of N. Tex.*, 673 Fed. App'x 384, 388 (5th Cir. 2016) which

describes a situation in which plaintiffs attempted to bring claims after the statute of limitations had run. *See* Doc. 64 at 6.

12.   This case is distinguishable from the one before this Court, as the statute of limitations should not be considered to have run on any of Plaintiff's claims.

13.   Defendants then proceed to recycle arguments made in their motion to dismiss (Doc. 25) in which they allege Plaintiff has failed to state a cause of action for conspiracy, failed to cure issues with standing, and failed to resolve a statute of limitations bar to his conspiracy and private nuisance causes of action. In response to this argument, Plaintiff incorporates his own arguments presented in his *Plaintiff's Response and Objection to Defendants' Motion to Dismiss Pursuant to Rule 12(B)(6) and Plea to Jurisdiction* (Doc. 37) which demonstrate that Plaintiff has properly stated a cause of action for conspiracy, has standing to enforce the restrictive covenants at issue because of his interest in the benefitted land, and should not be barred by the statute of limitations with regard to his conspiracy and private nuisance causes of action. *See* Doc. 37 at ¶¶ 10-21, 29-37, and 47-51.

14.   Defendants fail to demonstrate that Plaintiff's original complaint contains any fatal defects in need of curing by Plaintiff's amendment. As such, Defendants have provided no support for their argument that Plaintiff's proposed amendment is futile. Thus, this Court should grant Plaintiff's Motion.

### III. CONCLUSION AND PRAYER

Contrary to Defendants' claims, Plaintiff has demonstrated that his proposed amendment properly introduces and highlights important facts that where unknown or overlooked when Plaintiff filed his original complaint, as well as clarifies Plaintiff's claims where before there may have been some ambiguity. Additionally, Plaintiff has demonstrated that Defendants provide no support for their argument that Plaintiff's proposed amendment is futile. For this reason, Plaintiff requests that the Court grant Plaintiff's *Motion for Leave to File Amended Complaint*.

Respectfully submitted,

NORRED LAW, PLLC
/s/ Warren V. Norred
Warren V. Norred, Texas Bar No. 24045094
wnorred@norredlaw.com
C. Chad Lampe, Texas Bar No. 24045042
chad@norredlaw.com
515 E. Border Street; Arlington, Texas 76010
Tel. (817) 704-3984; Fax. (817) 524-6686
Attorney for Plaintiff

CERTIFICATE OF SERVICE - I certify that the above was served on all parties seeking service in the instant case via the Court's e-file system on August 12, 2020.

/s/Warren V. Norred