IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| **Mike Fisher,** § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | 2:20-CV-64 | |
| § | | |
| § | | |
| **City of Amarillo, et. al.** § | | |
| **Defendants** § | | |

**DEFENDANTS, CITY OF AMARILLO, GINGER NELSON, ELAINE HAYS, EDDY SAUER, FREDA POWELL, HOWARD SMITH, REPLY TO PLAINTIFF'S RESPONSE TO THE CITY OF AMARILLO'S MOTION TO DISMISS PLANTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND PLEA TO THE JURISDICTION**

**A** TO THE HONORABLE COURT:

Defendant City of Amarillo and Council Defendants as styled in Plaintiff's Original Complaint[1] (hereinafter referred to as the "Complaint") and pursuant the Fed. R. Civ. P. 12(b)(6) files this Reply[2] to Plaintiff's Response[3] (hereinafter "Response") pursuant to Local Rule 7.1 and moves the Court to dismiss the Complaint because the Complaint fails to state a claim upon which relief can be granted.  In support of its Reply, the City states:

**1. DISMISSAL UNDER FED. R. CIV. P. 8(A) AND 12(B)(6).**

Federal Rule of Civil Procedure 8 (a) (2) requires Plaintiff to state in the complaint a short and plain statement of the claim showing that the pleader is entitled to relief.[4] The

---

[1] *See* Document 75. Defendant City would respectfully request that the Court take Judicial Notice of its file in this case for reference purposes.
[2] The allegations and arguments of Defendant City and Council Defendants' Motion and Brief-in-Support are incorporated by reference into this Reply for all purposes. *See* Fed. R. Civ. P. 10(c).

[3] *See* Document 87.
[4] Fed. R. Civ. Proc. 8 (a); *See Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007), *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007)

complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests". *Twombly*, 550 U.S. at 544-555. The *Ashcroft* Court established a two-step approach for assessing the sufficiency of a complaint. The first step requires the court to identify allegations in the complaint "that are <u>not</u> entitled to the assumption of truth." *Ashcroft*, 129 S.Ct. at 1951. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. Secondly, after dismissing all "conclusory allegations the remaining factual allegations are assessed to "determine if they plausibly suggest an entitlement to relief." *Ashcroft*, 129 U.S. at 1951.

### (A). PLAINTIFF'S MONELL CLAIMS UNDER 42 U.S.C. § 1983 AGAINST THE CITY.

For the Plaintiff to state a claim under Fed. R. Civ. P. 8 concerning alleged violations of 42 U.S.C. § 1983 the Plaintiff must identify a (1) policymaker, (2) a policy or custom, and (3) a violation of constitutional rights whose "moving force" is that policy or custom.[5] Plaintiff cannot successfully perpetuate the allegations made against the City under section 42 U.S.C. § 1983 unless the City has a policy or custom that violated the Plaintiff' "clearly established" civil rights.[6]

Plaintiff alleges that he has identified the "City" as a policy making municipal body in Paragraph 14 of the Response.[7] The "City" is not a policy making body. Contrary to this assertion, paragraphs 43-58 do not identity a City policymaker. This glaring omission is not a mere inconsequential deficiency, but an essential element that must plead by the Plaintiff.[8]

---

[5] *See Monell v. New York Dep't of Social Services*, 436 U.S. 658, 694 (1978); *See also Zarrow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 168 (5th Cir. 2010); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.) *cert. denied*, 534 U.S. 820 (2001).
[6] *See Monell v. New York Dep't of Social Services*, 436 U.S. 658, 694 (1978).
[7] *See* Document 87, page 7.
[8] *See Piotrowski,* 237 F.3d 567, 578-79 (5th Cir. 2001). *See also Jet v. Dallas Independent School Dist.*, 491 U.S. 701, 737 (1989) (reiterating the significance of proper identification of a policymaker).

General references to the "City" or the "City of Amarillo" or the "City Health Department" together with legal recitations of a cause of action and conclusory allegations concerning the "City of Amarillo" cannot be the basis for and cannot "plausibly" allege a *Monell* claim per *Twombly* and *Ashcroft*.[9]  When the complaint invites no more than speculation that any particular policymaker, be it the chief of police or the city commission, knew about the alleged custom the complaint does not state a plausible claim. *Pena,* 879 F.3d at 623-24.  This is of essential importance in this case because Plaintiff alleges that the City was responsible for an arrest by a Randall County Fire Marshall[10], for a sanitary sewer investigation in Randall County acting for the Local Health Authority[11], and health investigations within the City limits.

Neither the Complaint nor the Response allege a formal or written policy by the City that was the moving force for Plaintiff's alleged constitutional injuries. Instead the Response references paragraphs 43-58 of the Complaint claiming that the "behavior[described herein] on the part of the City was 'prolific' enough to qualify as a custom…."[12]   Where prior incidents are used to prove a pattern, they "must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees." *Preston v. City of Fort Worth, Tex.*, 588 F.3d 838, 850 (5th Cir. 2009).  Paragraph 58 of the Complaint does not involve a city employee at all. Paragraphs 52-54 and 59[13] do not involve the Plaintiff's property but rather alleged minimal[14] enforcement on *another's* property.  Paragraphs 55-57[15] describe the investigation of one

---

[9] *See also Pena v. City of Rio Grande City*, 879 F.3d 613, 622-23 ( 5th Cir. 2018) ("A city cannot be liable for an unwritten custom unless "[a]ctual or constructive knowledge of such custom" is attributable to a city policymaker citing *Hicks–Fields v. Harris City*, 860 F.3d 803, 808 (5th Cir. 2017).
[10] *See* Document 75, ¶ 58.
[11] *See* Document 75, ¶¶ 55-57.  *See also* City Appx 9-11.
[12] *See* Document 87, page 7.
[13] *See* Document 75, ¶¶ 52-54 and 59.
[14] See Document 75, ¶ 52.
[15] *See* Document 75, ¶¶ 55-57.

3

Fisher v. City of Amarillo
COA Reply

sanitary sewer violation by City Health personnel acting on behalf of the Local Health Authority. After obtaining a warrant to inspect the property, no violations were found and no citations were issued.[16] Defendant City submits that the investigation of one sanitary sewer violation by City employees on Plaintiff's property pursuant to a warrant is not a constitutional violation let alone a "persistent widespread practice" of unconstitutional actions by city officials or employees . . . so common and well settled as to constitute a custom that fairly represents municipal policy.[17] Thus, Plaintiff has not plausibly alleged a 1983 claim and accordingly, Plaintiff's claims should be dismissed.

### (B.) PLAINTIFF'S CONSPIRACY CLAIMS PER 42 U.S.C. § 1985.

A plaintiff who asserts a conspiracy claim under the civil rights statutes must plead the "operative facts" showing an illegal agreement; "bald allegations" of an agreement do not suffice.[18] Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief.[19] Despite the numerous prior citations as to the controlling case law on this issue in previous pleadings, the Response then states that "Plaintiffs failure to allege racial animus in this case in no way affects the validity of Plaintiff's conspiracy claim"[20] The Fifth Circuit has reiterated that "[I]n this circuit ... the only conspiracies actionable under section 1985(3) are those motivated by racial animus.[21]" The *Cantu* court noted that the Supreme Court ….has never held that nonracial animus is sufficient." *Id.* (*quoting Newberry v. E. Tex. State Univ.*, 161 F.3d 276, 281 n.2 (5th Cir. 1998). Thus, contrary to Plaintiff's assertion in paragraph

---

[16] *See* Document 75, ¶¶ 55-57. *See also* City Appx. 9-11.
[17] *See Zarrow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 168-19 (5th Cir. 2010).
[18] *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987).
[19] *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).
[20] *See* Document 87, ¶ 30.
[21] *Cantu v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019). *See also Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754, 757 (5th Cir. 1987); *see also Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269–74, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993); *Scott*, 463 U.S. at 835–38, 103 S.Ct. 3352; *Griffin*, 403 U.S. at 104–05, 91 S.Ct. 1790 (noting that § 1985(3) was passed pursuant to the Thirteenth Amendment).

4

30, Plaintiff has not plead a conspiracy claim per §*1985(3)*, and accordingly Plaintiff's conspiracy claim should be dismissed.

*(C). Equal Protection Claims-Class of One*

To bring a "class of one" claim under the Equal Protection Clause, a plaintiff must allege that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The purpose is to protect every person from intentional and arbitrary discrimination brought by the express terms of a statute or the execution of a statute by its agents. *Id.* To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class."[22] Plaintiff fails to allege that the City or the Council Defendants acted any differently with respect to similar situated property owners. *See City of Dallas v. Jones*, 331 S.W.3d 781, 788 (Ct. App. Dallas 2010) (dismissing an equal protection claim). As stated in the City's Motion, the Plaintiff's alleged basis for his equal protection claim in the Complaint is essentially this: the City investigated[23] and has taken "minimal"[24] action against the commercial strip mall west of his Home and took "no" action against his business in Randall County[25], and thus, the City failed to provide him equal protection. The Response in a portion of Paragraph 25 describes the investigations in this manner "Both businesses were inspected by the City, both businesses had potential violations related to sanitation and cleanliness, and both businesses owners voluntary complied with the inspection procedures." Thus assuming the Complaint plausibly alleges facts

---

[22] *See Roa v. City of Denison*, 2017 WL 9287012 at *15 (E.D. Tex 2017) (quoting *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999)).
[23] *See* Document 75, ¶ 54 ("City inspected BurgerFi …informing them that they needed to have the area cleaned up…").
[24] *See* Document 75, ¶ 52.
[25] *See* Document 75, ¶ 57. (This inspection and investigation was done by City officials acting on behalf of the Amarillo Area Public Health District pursuant to Interlocal Agreement with Randall County).

5

Fisher v. City of Amarillo
COA Reply

of similarly situated property owners[26], neither the Complaint nor the Response indicates that the Plaintiff was treated differently. However, even if the Complaint alleged plausible facts of differential treatment, the Complaint wholly fails to allege any discriminatory intent by the City or Council Defendants. Additionally, the Plaintiff's claim of equal protection fails because the City health inspectors had a rational basis for inspecting Plaintiff's commercial property. This rational basis was articulated in the search warrant the City health inspectors obtained.[27] To prevail on an equal protection claim the Plaintiff "must carry the heavy burden of negativing *any reasonably conceivable* state of facts that could provide a rational basis for their differential treatment."[28] Where there are 'plausible reasons' for [governmental] action, our 'inquiry is at an end.' "[29] The Complaint doesn't allege facts that the City or Council Defendants revoked a permit to drill[30] or refused to connect a water line[31]. The facts of *Maguire* and *Olech* are not applicable and Response is wholly devoid of any equal protection analysis from which to draw any inference of culpability on the part of the City or the Council Defendants. Thus, Plaintiff's equal protection claim fails and should be dismissed.

## 2. State Law Claims

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction.[32] Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law. *Miranda*, 133 S.W.3d at 226. The Texas

---

[26] It is critical, however, that the plaintiff allege he is being treated differently from those whose situation is directly comparable in all material respects. *City of Dallas v. Jones*, 331S.W.3d 781, 787 (Ct. App. Dallas 2010).
[27] *See* Document 81, City Appx 9-11.
[28] *Lindquist v. City of Pasadena, Tex.,* 525 F.3d 383, 387 (5th Cir.2008).[28] *Wood v. Collier*, 836 F.3d 534, 542 (5th Cir. 2016) (quoting *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 603, 128 S.Ct. 2146, 170 L.Ed.2d 975 (2008)).
[29] *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313–14, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993). *See also Craig v. City of Yazoo City, Miss.*, 984 F.Supp.2d 616, 624 (S.D. Miss. 2013).
[30] *See* Document 87, page 11 (*citing facts of Maguire Oil Co v. City of Houston*).
[31] *See* Document 87, page 11 (*citing facts of Vill. Of Willowbrook v. Olech*).
[32] *See Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000).

Tort Claims Act provides a limited waiver of governmental immunity if certain conditions are met. *See* TEX. CIV. PRAC. & REM. CODE §§ 101.021, 101.025.

### (A). *Deed Restrictions*

The Plaintiff's reliance on the case of *Young v. City of Houston*, 756 S.W.2d 813 (Tex. App. – Houston [1st District] 1988, *writ denied* is misplaced and the assertion that the City or Council Defendants failed to enforce deed restrictions or participated in a conspiracy to violate deed restrictions is unavailing. A restrictive covenant is a contractual agreement between the seller and the purchaser of real property.[33] As demonstrated by the very statutes cited by Plaintiff, enforcement of restrictive covenants are between the private property owners.[34] Covenants are not enforced by municipal government or officials, except in very large cities *See* TEX. LOC. GOV. CODE, § 212.151 *et seq.* (applies to cities of 1.5 million persons or more). Thus, as a matter of law Plaintiff has not and cannot pled any specific duty owed to Plaintiff by Defendant City or Council Defendants to intervene to enforce any restrictive covenant in Plaintiff's neighborhood. In turn, neither the City nor the Council Defendants could participate in a conspiracy with other Defendants not to enforce deed restrictions or covenants since neither City nor Council Defendants possessed the authority to enforce them in the first place. Thus, to the extent that Plaintiff's Complaint may be construed as asserting a cause of action against Defendant City or Council Defendants for violating restrictive covenants or for not enforcing same, such should be dismissed for failure to state a claim.

---

[33] *See Tarr v. Timberwood Park Owners Assoc. Inc.*, 556 S.W.3d 274, 280 (Tex. 2018).
[34] *See* Document 75, ¶¶ 75, 76, and 78. (It should be noted that in Paragraph 48 of his Response to Defendant ANB Plaintiff states that "To the extent that some allegation may have inadvertently suggested that the City is responsible for enforcing the deed restrictions burdening the property, no such claim was intended," *See* Doc. 86, ¶ 48.

This is direct contrary to Paragraph 45 of the Response to the City which states, "Plaintiff actually did assert his injury was caused by the condition and use of real property-namely, the property containing Franchise Defendants- which was the use of the property in violation of the restrictive covenants placed upon, which the City and Council Defendants refused to enforce…."

7

Fisher v. City of Amarillo
COA Reply

### *(B). CIVIL CONSPIRACY CLAIMS.*

The Plaintiff has alleged state tort claims (civil conspiracy) against Defendant City and Council Defendants.[35] The Complaint acknowledges that health and sanitation services are a governmental function.[36] Plaintiff complains of the performance of services related to health and sanitation services[37]. When a municipality is engaged in a governmental function, its immunity is not waived for claims arising out of intentional torts.[38] Since Plaintiff's claims are based upon an intentional tort (conspiracy) Plaintiff has not articulated a valid wavier of immunity.[39] Additionally, the Texas Tort Claims Act provides that a plaintiff cannot sue both an entity and an employee of the governmental entity.[40] If both are sued then dismissal of the individual upon motion by the governmental entity is mandatory. *Id.* Since the Council Defendants are employees of the City by law[41] Plaintiff cannot maintain a suit against the Council Defendants in their official or individual capacities.[42] Accordingly, the Council Defendants must be dismissed and recovery against them is barred.[43]

Seemingly undeterred by a plain reading of the TTCA requiring *governmental* property involvement, the Response frivolously asserts that "Plaintiff's conspiracy claim does actually

---

[35] *See* Document 75, ¶¶ 73, 114, and 115. Counsel Defendants are "employees" per Art. V, § 13 the Charter of the City of Amarillo. Compensation and Attendance-
"The Compensation of the Mayor and each Councilmember shall be ten ($10.00) per diem, for attendance upon each regular meeting of the Council….."
Defendant City would request that the Court take judicial notice of the City of Amarillo Charter and Code of Ordinances.
[36] *See* Document 75, ¶ 90. *See also* TEX. CIV. PRAC. & REM. CODE § 101.0215(a)(9).
[37] *See* Document 75, ¶¶ 52-57.
[38] TEX. CIV. PRAC. & REM. CODE & REM. CODE § 101.057(2).
[39] *See Texas Bay Cherry Hill, L.P. v. City of Fort Worth*, 257 S.W.3d 379, 392-93 (Ct Appeals – Fort Worth) (affirming the district court's dismissal of disparagement, interference, and conspiracy claims against the City of Fort Worth pursuant to a plea to the jurisdiction).
[40] TEX. CIV. PRAC. & REM. CODE & REM. CODE § 101.106(e).
[41] *See Texas Bay Cherry Hill, L.P. v. City of Fort Worth*, 257 S.W.3d 379, 398-399 (Ct Appeals – Fort Worth 2008). *See* Art. V, § 13 the Charter of the City of Amarillo.
[42] *See* TEX. CIV. PRAC. & REM. CODE & REM. CODE § 101.106(a).
[43] *See* TEX. CIV. PRAC. & REM. CODE & REM. CODE § 101.106(a).

indicate a tort within the TTCA wavier of immunity"[44] asserting that Plaintiff's "injury was caused by the condition and use of real property-namely, *the property containing Franchise Defendants*-which was the use of the property in violation of restrictive covenants placed upon it…." (emphasis added). Plaintiff has not specifically alleged any facts that indicate a tort within TTCA wavier of immunity and thus Plaintiff's tort claims should be dismissed.

### (C) Takings Claim

The Response focuses on the City's "approval of commercial businesses in a location adjacent to Plaintiff's private property"[45]. However to establish a takings claim the Plaintiff must allege the requisite intent paired with the affirmative act. The requisite intent is present only when a governmental entity knows that a specific *act* is causing identifiable harm or knows that the harm is substantially certain to result.[46] The government must know that "a *specific* act is causing *identifiable* harm" or know that "*specific property damage* is substantially certain to result from an authorized government action." *Id.* at 800. "We have not recognized liability where the government only knows that someday, somewhere, its performance of a general governmental function, such as granting permits or approving plats, will result in damage to some unspecified parcel of land within its jurisdiction. *Id.* Neither can insufficient regulation support a takings claim. *Id.* at 801. Plaintiff has failed to plausibly allege that his property has lost all economic value or that it cannot be used for its intended purpose.[47] For all these reasons Plaintiff has failed to plead a takings claim that affirmatively demonstrates the Court's jurisdiction.

### (D) Exemplary Damages

---

[44] *See* Document 87, ¶ 45.
[45] *See* Document 87, ¶¶ 48, 51, 52, 56, 58, 59, and 60.
[46] *Harris County Flood Control Dist. v. Kerr*, 499 S.W.3d 793, 799 (Tex. 2016).
[47] *Cherry Hill*, 257 S.W.3d at 396.

9

Fisher v. City of Amarillo
COA Reply

Despite Plaintiff's assertions to contrary[48], the Complaint states plainly in paragraph 119, "Defendants' continued determination to damage Plaintiff after these warnings and demands warrants exemplary damages, which Plaintiff requests." Paragraph 119 does not say "Franchisee Defendants"….. It begs the question that if Plaintiff doesn't know what his Complaint alleges then how could Defendants know what his Complaint alleges. It is for this very reason that the Complaint fails to conform to Rule 8 and should be dismissed.

## PRAYER

WHEREFORE, premises considered, The Plaintiff's Complaint fails to conform to Rule 8 of the Federal Rules of Civil Procedure and should be dismissed pursuant to Rule 12 (b) (6) of the Federal Rules of Civil Procedure. Furthermore, Plaintiff has failed to articulate a cause of action and valid waiver of immunity and thus the Court lacks subject matter jurisdiction. For the foregoing reasons Defendants respectfully request that its Motion to Failure to State a Claim Upon Which Relief Can be Granted be granted and this Court Dismiss Plaintiff's Original Complaint with prejudice.

Dated:  November 24, 2020.

    Respectfully submitted,
    CITY OF AMARILLO
    CITY ATTORNEY'S OFFICE
    Post Office Box 1971
    Amarillo, Texas 79105-1971
    Telephone (806) 378-6067
    Facsimile (806) 378-5262
    bryan.mcwilliams@amarillo.gov
    leslie.schmidt@amarillo.gov
    marcus.norris@amarillo.gov

    By:____/s Bryan McWilliams_____
        Bryan McWilliams
        State Bar No. 24049776
        Leslie Spear Schmidt

---

[48] *See* Document 87, ¶ 62.

Fisher v. City of Amarillo
COA Reply

State Bar No. 21202700
Marcus W. Norris
State Bar No. 15091300

## CERTIFICATE OF SERVICE

  I hereby certify that on November 24, 2020 a true, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic filing system of the Court and was served via e-filing on the following:

VIA ECF
Chris W. Carr
LYONS & SIMMONS, LLP
ccarr@lyons-simmons.com
*Counsel for Defendant Plaza Amarillo, LLC*

VIA ECF
Warren V. Norred
C. Chad Lampe
NORRED LAW, PLLC
wnorred@norredlaw.com
chad@norredlaw.com
*Counsel for Plaintiff Mike Fisher*

VIA ECF
Matt D. Matzner
Morgan Day Vaughan
CRENSHAW, DUPREE & MILAM, L.L.P.
mmatzner@cdmlaw.com
mvaughan@cdmlaw.com
*Counsel for Defendants Step Values, LLC d/b/a Dunkin Donuts, Fresh Burger, LLC d/b/a BurgerFi, Edit Clean LLC d/b/a Tide Dry Cleaners, Five S Buildings, LLC, and 45th & Soncy, LLC*

VIA ECF
Thomas C. Riney
Alex L. Yarbrough
RINEY & MAYFIELD LLP
triney@rineymayfield.com
*Counsel for Defendants Burger Fi International, LLC, Dunkin' Brands, Inc., and The Proctor & Gamble Co.*

VIA ECF
 M. Leslie Davis
HERMES LAW, PC
leslie@hermes-law.com
*Counsel for Plaza Amarillo, LLC*

          /s Bryan McWilliams
          Bryan Mc Williams